## HAIR & LABUZAN *vs.* LOWE.

1. To entitle a party to relief in equity against a judgment at law, when his defence could have been made in the court of law, he must show *first*, that his failure to make a defence was not attributable to his own omission, neglect or default; and, *secondly*, that he has a good defence to the entire cause of action, or to such part of it as he proposes by his bill to litigate.

2. When a garnishee comes into a court of chancery to be relieved against a judgment at law, which has been rendered against him by default, he should show by his bill, not only that he is not *indebted* to the defendant in attachment, but also that he has no effects in his hands belonging to said defendant.

3. When a judgment has been rendered by default against a garnishee, and the evidence clearly shows that the failure to defend at law is attributable to his own neglect, he cannot be relieved in equity against the judgment.

Error to the Chancery Court of Sumter. Tried before the Hon. J. W. Lesesne.

R. H. Smith, for plaintiffs in error.

Huntington, *contra.*

Dargan, C. J.—To entitle a party to relief against a judgment at law, when his defence could have been made in a court of law, he must show two things—first, that his failure to make defence was not attributable to his omission, neglect or default ; and secondly, that his defence is good to the entire cause of action, or such part of it as he proposes by his bill to litigate. It is not enough, on the one hand, to show that the judgment is inequitable merely, but it must be further shown that the failure to defend at law was *unmixed* with the mere neglect of the party seeking relief from a court of chancery. So, on the other hand, it is not enough to show that he was not guilty of neglect, in suffering the judgment to go by default, but he must go further, and clearly show that it is inequitable and unjust to permit the judgment to be enforced. He must show that injustice has been done by the judgment at law, and this, without any fault or neglect on his part.—Kincaid vs. Cunningham, 2 Mun. 1; Blount vs. Gaven, 3 Hay. 88 ; 2 Story Eq. §§ 887,

Hair & Labuzan v. Lowe.

888. Applying this test to the bill in the case before us, we think that it does not show a proper case for the interposition of a court of chancery. It is shown that an attachment was issued at the suit of Howard Labuzan against the estate of James M. McDade, and the complainant was summoned as a garnishee, who failing to answer, a judgment *nisi* was rendered against him, on which a *sci. fa.* was issued, and being returned executed, and complainant showing no cause against it, the conditional judgment was made final. It is also alleged that the complainant was not indebted to McDade at the time of issuing the attachment, nor had he become indebted to him since that time. The law, however, requires that a garnishee should answer, not only as to his indebtedness, but also what effects he had in his possession belonging to the defendant, at the time of the service of the writ. The plaintiff in the attachment has a right to a discovery from the garnishee, not only as to his actual indebtedness, but also whether he had not in his possession goods or effects belonging to the defendant; and we think that when a garnishee comes into a court of chancery to be relieved from a judgment at law which has been rendered by default, he should show by his bill not only that he is *not* actually indebted, but that he has not any effects in his possession belonging to the defendant in attachment. He may not be actually indebted to him, and yet have effects in his possession that would render him liable, or would take away all injustice from the judgment rendered against him. The bill does not show that the complainant had no effects in his possession belonging to McDade, and therefore it fails clearly to show that it would be inequitable and unjust to enforce the judgment against him.

Independent of this view, however, and admitting that the reason shown in the bill why he did not defend himself at law is sufficient to entitle him to come into a court of equity, yet the evidence clearly shows that the failure to defend at law can be attributed to nothing else than his own neglect. This precludes him from the aid of a court of equity, for it was not only incumbent on him to allege a sufficient ground to satisfy the chancellor in interposing in his behalf, but it was also incumbent on him to prove it. This he has failed to do. The consequence is, that the bill should have been dismissed, and we must therefore reverse the decree and here dismiss the bill.