DAVID FREEMAN v. M. D. MILLER.

*(Case No. 3900.)*

1. GARNISHMENT.— The payment of debt is not imposed on the garnishee as a penalty for his failure to make full answer, but because having failed to make such answer, he is supposed to tacitly admit that he has the means in his hands, or knows of property from which payment could be made.

2. INJUNCTION — GARNISHEE.— To entitle a garnishee against whom judgment has been rendered to relief by injunction, he must show: *First,* that

he has a good defense to the entire cause of action, or to such part of it as he proposes in his petition to litigate. *Second*, that it would be clearly unjust to permit it to be enforced. *Third*, that he could not avail himself of the defense at the proper time, or that he was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, from interposing his defense.

3. INJUNCTION — GARNISHEE.— See statement of the case for facts sufficient to authorize an injunction against a judgment rendered against a garnishee.

APPEAL from Williamson. Tried below before the Hon. E. B. Turner.

Judgment was rendered at the spring term, 1878, of the district court of Williamson county, in favor of M. D. Miller and against Negbaur & Robins, defendants, for the sum of $1,382.93, and against David Freeman, the appellant, as garnishee for a like sum.

Freeman sued out injunction to stay execution on the judgment, and prayed for a new trial.

Miller filed a motion to dissolve the injunction, and dismiss the suit for want of equity in the bill. The motion to dissolve was heard and granted in vacation. When court convened the bill was dismissed, from which plaintiff appealed.

The plaintiff set out in his bill the following facts:

That he, plaintiff, was a citizen of Galveston county, and was so at and before the commencement of the suit in which the judgment was rendered; that on the 6th of April, 1878, one John S. Shields, a justice of the peace and notary public for Galveston county, came to the office of plaintiff in the city of Galveston, and stated he wished to take the answers of plaintiff, as garnishee, in the case of Miller *v.* Negbaur & Robins, pending in Williamson county. That thereupon plaintiff made to that officer full answer to each and every interrogatory propounded to him, and attached the affidavit of the officer to that effect; that the officer then left, saying he would reduce the statement to writing; that shortly afterwards he returned with the purported answers written out, and pre-

sented the same to plaintiff, and that the above in substance is all that passed.

That he was never cited before the officer to answer said interrogatories; that he was never served with a copy thereof; that the commission was never executed save as above stated; that he did not fail or refuse to answer any interrogatory propounded to him under the commission.

That the answers so taken by the officer were returned with the commission to the court from whence the commission issued, they being substantially as follows: That he, Freeman, garnishee, is not indebted to the firm of Negbaur & Robins, or to Herman Negbaur or R. R. Robins, as individuals, but on the contrary said firm is indebted to him in the sum of $70.16, and has owed him that sum of money since the 30th of January, 1878, and prays the court to dismiss him as garnishee.

That the officer so taking his answers certified them, saying the said answers having been reduced to writing by him, and sworn to by the garnishee and subscribed by him, D. Freeman, the same are certified under the hand and official seal of the officer.

That the answer was returned to the court, when, on the 17th of April, he not being present, counsel for the plaintiff in the pending case, Miller *v.* Negbaur & Robins, moved the court for judgment against D. Freeman, as garnishee, on the ground that he had failed to answer the questions in the commission as to whether he had effects or credits of Negbaur & Robins in his possession, or knew of such being in the hands of others, and what person or persons; that the motion was filed on the 17th of April, 1878, and was acted on by the court on the same day, the garnishee having no knowledge of the motion, never having received notice thereof in any way.

That in truth and in fact he had no effects of defendants, or either of them, in his possession, either on the 2d day of February, 1878, or on the 5th day of February following, or between those dates; that he did not then know nor does he

now know of any credits or effects of the defendants, or either of them, in the hands of any other person.

That the truth is, that the account between Negbaur & Robins and plaintiff was closed on the 30th of January, 1878, leaving the $70.16 a balance against Negbaur & Robins; that the state of the account has remained unchanged.

That the state of account between plaintiff and Negbaur & Robins was well known to M. D. Miller at the date of the issuance of commission, and at the time when judgment was rendered against plaintiff as garnishee.

That Miller proceeded without proper or other notice whatever to plaintiff to obtain judgment to vex and harass plaintiff, fraudulently intending and contriving to injure, cheat and defraud him.

That plaintiff had no knowledge or information that the judgment, or any judgment whatever in the matter, had been rendered against him until May, 1878, at which time the district court of Williamson county had adjourned for the term. That he has been prevented from making a showing to set aside the judgment, and for other proper orders therein during the term at which it was rendered, by the fact that he did not learn of its rendition until after the adjournment of the court for the term.

That Miller had caused execution to issue on the judgment, which is now in the hands of the sheriff of Galveston county, who threatens to, or has already levied the same on property of plaintiff, and will proceed to sell the same, under execution, to plaintiff's irreparable injury unless restrained by injunction.

He prayed that to the end that justice may be done, and fraud and oppression prevented, for injunction to restrain further action under execution, and that the judgment as against him may be set aside and he granted a new trial, and for general relief.

Attached to the petition was the affidavit of the notary, who took the answers of the garnishee wherein he says: That on the 5th day of April, 1878, he received a commission to take the an-

swers of D. Freeman, defendant, in garnishment in the case of
M. D. Miller *v.* Negbaur & Robins, pending in the district court
of Williamson county. That he understood and believed that
he was only required, and that the commission only authorized
him to take the answers of Freeman as to what amount he
was indebted to the defendants or either of them. That on
the 5th of April he went to the office of Freeman in Galves-
ton, and told him he, the notary, wanted to take his, Free-
man's, answer as garnishee in the case. That Freeman replied
that he was not indebted to Negbaur & Robins, or either of
them. That he had no effects of defendants, or either of them,
in his hands, and had not had since the 30th of January, 1878.
That he knew of no other person who had, but that they owed
him a small balance; and after referring to his books, said the
amount they owed him was $70.16. That they had owed him
that amount since the 30th of January, 1878. Whereupon he,
affiant, returned to his office and wrote out the answer of
Freeman on file in the cause, carried it back, when the same was
signed and sworn to by him. That the foregoing is a true and
correct, free and accurate statement of what occurred in the
execution of said commission. That he made no service
thereof, or of the interrogatories, on Freeman. That Freeman
did not fail or refuse to answer, and to answer freely and duly,
any interrogatories in or under the commission, and if his
return to the commission is capable of such construction, then
to that extent the same is erroneous and untrue, and a mis-
take in fact. That he was not a lawyer; was elected justice
of the peace in February, 1876; never before held any office;
that his attention had not, up to that time, been specially
directed to the interrogatories as to effects and credits and
effects in the hands of garnishee or others. That he wrote
out and returned said answer, believing it to be a full answer
to all interrogatories.

*Robert G. Street* and *Walton, Green & Hill* for appel-
lant. — The court erred in dissolving the injunction and dis-

missing the bill. Pasch. Dig., art. 3937; Gross *v*. McClaran, 8 Tex., 341–4; Willis *v*. Lyman, 22 Tex., 269–70; Spencer *v*. Kinnard, 12 Tex., 186–7; Kerr on Injunctions in Equity, pp. 22–3, secs. 14, 15, 16; Marine Insurance Co. of Alexandria *v*. Hodgson, 7 Cranch, 336–8; S. C., 2 Curtiss (U. S.), 558–9.

[No briefs for appellee on file.]

BONNER, ASSOCIATE JUSTICE.— This suit is an outgrowth from that of Freeman *v*. Miller, heretofore decided by this court, and reported in 51 Tex., 443.

In that case the garnishee, Freeman, having failed to make full answer, and no sufficient excuse appearing of record, judgment was rendered against him below, which, upon appeal, was affirmed.

In the opinion, however, it is said, " that if from accident, mistake or other cause, injustice has been done the garnishee, he himself must take the initiative, and by motion made in due time, or other proper proceedings, seek to set aside the judgment." 51 Tex., 448.

The present proceeding is instituted in the nature of a bill in equity to set aside the former judgment.

The law does not seek to impose the payment of the debt due the principal debtor upon the garnishee as a penalty for his failure to make full answer, but proceeds upon the theory that, by not having made such answer, he tacitly admits that he has the means in his own hands, or knows of property by which such payment could be made. R. I. Ex. Bank *v*. Hawkins, 6 R. I., 198.

The true rule in such cases is, that to entitle a party to relief in equity he must show, *first*, that his failure to make full answer was not attributable to his own omission, neglect or default; *second*, that he has a good defense to the entire cause of action, or to such part of it as he proposes by his petition to litigate. It is not enough to show that he was not guilty of neglect in permitting the judgment to go by default,

but he must also clearly show that it is inequitable and unjust to permit it to be enforced. Hair & Labuzan *v.* Lowe, 19 Ala., 224; Drake on Attachment, § 658 *e*,. Kerr's Inj. in Eq., §§ 14–17.

If the judgment below was substantially correct, although it might have been obtained through some inadvertence, mistake or want of due diligence upon the part of the defendant, or if the equities of the parties are otherwise equal, then a court of equity will not interfere, but will leave them where the law has placed them.

If, however, as said by Chief Justice Marshall in the leading case, Marine Insurance Co. *v.* Hodgson, " any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery." 7 Cranch, 335.

Under our blended system of law and equity, the equitable defense of the garnishee, Freeman, could have been made available in the original suit had it been presented, and his failure to thus present it would, in a proper case, be a bar to further proceedings.

The petition for injunction in the present suit, in our opinion, sets up a sufficient excuse for this failure, and a sufficient defense, if sustained by satisfactory testimony, to afford appropriate relief.

On the motion to dissolve for want of sufficient equity in the petition, the facts as alleged are taken as true.

Thus considered, the motion should have been overruled, and for the error in sustaining the same, the judgment below is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered May 21, 1880.]