## TYLER TERM.

### MARX & KEMPNER v. J. EPSTEIN.

(No. 832, Op. Book No. 2, p. 392.)

APPEAL from Anderson County. Opinion by WALKER, A. S., J.

*Statement of the case.*— Epstein was garnished by Marx & Kempner in a suit against one Levine. Failing to answer, judgment by default was rendered against him. The day the judgment was rendered he filed a motion to set it aside, pleading ignorance of the law, and stated that he thought he was required by the writ of garnishment to appear in court in person, and answer orally to the court as a witness; and that he was in fact in attendance upon the court for that purpose when the judgment was taken against him. In his motion was also included a full answer, denying liability as garnishee, and a prayer that the judgment be set aside. This motion was sworn to. Exceptions to it were filed by appellants, which were overruled, and without hearing any proof the judgment by default against him was set aside. Appellants moved to strike out the answer to the garnishment, which was overruled. They then filed an answer controverting his answer. Epstein moved to be discharged as garnishee, which was done without proof *aliunde*, and over the contest of appellants.

§ 1317. *Ignorance of law; rule as to, how far modified.* Of the rule that ignorance of law affords no grounds for equitable relief, our supreme court, in Moreland v. Atchison, 19 Tex. 309, has said the general rule "is justified by considerations of public policy; and yet so harsh a rule, founded upon a presumption so arbitrary, ought to

be modified by every exception which can be admitted without defeating its policy." In this case the evident good faith of the efforts of appellee to obey the writ of garnishment in his daily attendance upon the court; his ignorance of the practice of the courts; the disastrous results from his mistake or ignorance, if not relieved against, we think make this an exception and within the term "good faith," for which a new trial may be allowed [Rev. Stats. art. 1368], when, in the judgment of the district judge, it is proper to do so. It has been said, "it was enough to show that he was not guilty of negligence in permitting the judgment to go by default, and that it was inequitable and unjust to permit it to be enforced." Besides, the action of the court in granting a new trial in term time will not ordinarily be revised. [Sweeney v. Jarvis, 6 Tex. 39; Goss v. M.Claren, 17 Tex. 115; Freeman v. Miller, 53 Tex. 372.]

§ **1318.** *Where an answer in full to the writ of garnishment is embodied in the motion for a new trial, it is unnecessary to file a new answer.* In this case, the motion for new trial had incorporated in it a full answer, such as was required under the writ. Having been sworn to when the court set aside the default and allowed the garnishee to answer, it would have been useless to cause it again to be written out, sworn to and filed anew.

§ **1319.** *Costs taxed as a condition for an order of court.* The court set aside the default on condition that Epstein would pay the costs. *Held,* his failure to pay the costs did not entitle plaintiffs to a judgment anew. The whole matter was within the control of the court, and it would not have been beyond its jurisdiction to have modified the order taxing costs, or to have relieved him from them entirely.

§ **1320.** *Effect of an affidavit controverting the garnishee's answer.* The effect of the affidavit controverting the correctness of the garnishee's answer, shown to have been made and filed before the action of the court discharging the garnishee, was to put the answer in issue.

The affidavit was made by the attorney in the absence of plaintiffs. This he had authority to do. [Rev. Stats. art. 4.] The affidavit was in substantial compliance with the law. [Rev. Stats. art. 211.]     After such contestation, it devolved upon the court to try the issue.     [Rev. Stats. art. 213.]  This was not done.

October 19, 1880.                 Reversed and remanded.