THE GILBERT BOOK COMPANY v. B. F. PYE.

Decided May 9, 1906.

**Garnishment—Jurisdiction—Defective Writ.**

The validity of a writ of garnishment depends upon pursuing the steps prescribed by law. A garnishee can not accept service, or voluntarily answer, or waive defects so as to affect the right of the defendant in the original suit. A writ of garnishment, in which the date on which the garnishee was required to appear and answer, was left blank, was void, and conferred no jurisdiction on the court over the property of the defendant in the hands of the garnishee.

Appeal from the County Court of Jefferson. Tried below before Hon. D. P. Wheat.

*Teagle & Conley, G. P. Dougherty* and *Fleming & Fleming,* for appellants.—The service of the process beyond the limits of the State upon a nonresident of the State, in which the court sits, will not confer jurisdiction upon the court to render a personal judgment, and a personal judgment rendered upon such service of process is absolutely void. Pennoyer v. Neff, 95 U. S., 714; Maddox v. Craig, 80 Texas, 600.

In order to support a judgment by default, the process issued and served, must comply strictly with the statutes, and the defendant can avail himself of the defects in the process, by appeal or writ of error from such default judgment, and this rule applies to action in rem. Covington v. Burleson, 28 Texas, 368; Durham v. Betterson, 79 Texas, 223; Davidson v. Heidenheimer, 2 Posey, 492; Caspary v. Greely-Burnham Grocery Co., 3 Texas App. Civ. Cases, sec, 175; Rev. Stats., 220, 1214; Harrell v. Mexico Cattle Co., 73 Texas, 616; City of Sherman v. Shobe, 94 Texas, 131.

*Xavier Ryan,* for appellee.—Cited, Rev. Stats., art. 1234, 1504a; Wilson v. National Bank of Cleburne, 63 S. W. Rep., 1067; Irwin v. Bexar County, 63 S. W. Rep., 550; Rice v. Peteet, 66 Texas, 568.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted in the County Court of Jefferson County on March 4, 1905, by B. F. Pye against the Gilbert Book Company and Fleming & Fleming, a partnership composed of M. A. & J. V. Fleming to recover the sum of $300.50. A writ of garnishment was issue in the case, on proper application, garnisheeing funds of defendants in the possession of the Park Bank and Trust Company of Beaumont, Texas. The Gilbert Book Company failed to answer, and a judgment by default was rendered against it. The defendants Fleming & Fleming, answered by a general denial and plea of reconvention against B. F. Pye for damages for wrongfully suing out the writ of garnishment. On the 6th day of June, 1905, the judgment by default against the Gilbert Book Company was made final, and the plaintiff's suit against Fleming & Fleming, as well as their plea in reconvention, was dismissed. The judgment was for $105.00 against the Gilbert Book Company; and for the same amount on the garnishment proceedings, against Fleming & Fleming and the sureties on their replevy bond, who had replevied the funds garnisheed.

From this judgment the Gilbert Book Company and Fleming & Fleming have appealed.

This assignment of error: "The court erred in rendering any judgment by default against the Gilbert Book Company because it was a nonresident of the State of Texas, and was served with process beyond the limits of the State, and the court was without power to render any personal judgment, and could have acquired jurisdiction to render a judgment in rem only by the service of a valid writ of garnishment upon the Park Bank and Trust Company, and said writ of garnishment, as served, was defective and void as it failed to give the date on which

the garnishee was required to answer as required by law," if well taken is conclusive of this appeal.

The matters pertinent to this assignment, appearing from the record, are: (1) that the Gilbert Book Company is a joint stock association having its place of business in St. Louis, State of Missouri, and was served in said city and State with a true copy of notice of the suit and with a certified copy of plaintiff's petition accompanying the same on the 21st of March, 1905, in accordance with article 1230, Revised Statutes of 1895; (2) that said Book Company never appeared nor answered in the case; (3) that when the suit was instituted (the 4th of March, 1905) a writ of garnishment was issued on a proper application against the Park Bank and Trust Company by which the sheriff or any constable of Jefferson County, Texas, was "commanded forthwith to summon said Park Bank & Trust Company . . . to be and appear before the said court at the next term thereof to be held in Beaumont in said County on the — day of ——, A. D. 1905, then and there to answer under oath what, if anything, it is indebted to the said Gilbert Book Company and Fleming & Fleming (a firm composed of M. A. Fleming and J. V. Fleming) or either of them," etc.; (4) that said writ of garnishment was duly served on the garnishee on the 4th day of March, 1905; (5) that on the 15th day of March, 1905, the Park Bank and Trust Company filed its answer in the case in which, after negativing all other grounds upon which it could be held liable as a garnishee, alleged "that at the time of the service of said writ . . . defendants Fleming & Fleming had with this garnishee and on deposit with it, in the regular course of its corporation business, the sum of $304.42 subject to the demand of defendants Fleming & Fleming;" (6) that this answer of the garnishee was controverted by the plaintiff by his alleging "that he has good reason to believe and does believe that the answer . . . is incorrect, in that the funds named and specified therein as being held in possession of said garnishee as the funds of Fleming & Fleming are in truth and fact the funds of the Gilbert Book Company, and are not the property of Fleming & Fleming as alleged in said answer;" (7) that upon the trial of the issue thus raised between the plaintiff and the garnishee, the court found that the funds in question were the property of the Gilbert Book Company, and entered judgment subjecting $105.00 thereof to the judgment for that amount which had been rendered by default against said company.

From these matters, it is apparent that the County Court had no jurisdiction over the person of the Gilbert Book Company, and that the only judgment that could be rendered against the company would be *in rem.* Whether it had jurisdiction to render a judgment of this character depends upon whether it, under the garnishment proceedings, obtained jurisdiction over the funds of the company in the possession of the garnishee.

The right of attachment by garnishment depends wholly upon the provisions of the statute for its validity and effect, and it can not be extended beyond the strict provision thereof. Its validity depends upon pursuing the steps prescribed by law for its prosecution and no aid can be lent it by the voluntary acts of the garnishee. If the garnishee is not legally served nothing has been attached by the process of garnish-

ment. For it is essential in order to bind the creditor (the principal defendant) whose claim is sought to be appropriated by process of garnishment that there should be service thereof, and such principal defendant will not be bound by an answer of the garnishee if he has not been served with valid process of garnishment. (Shinn on Attach. & Garn., secs. 485, 603.)

A garnishee can not accept service or voluntarily answer so as to affect the right of the defendant in the original suit or judgment or that of his creditors. The writ of garnishment takes effect, so as to fix a prior claim upon the fund which is sought to be reached, only by the service of the writ provided by law. Until this is done the garnishee can not in any manner be affected by the suit. (Harrell v. Cattle Co., 73 Texas, 610.) Where one owes a debt and is ready to pay it, he has no legal interest in the question whether it shall be paid to his creditor or to a plaintiff in garnishment proceeding. It is the defendant whose interest and right is involved, and if an irregularity is to be waived the waiver must come from him. The garnishee can not, as against the defendant in the original suit, even accept or waive service of the writ. (City of Sherman v. Shobe, 94 Texas, 131.) Nor can he, as against such defendant, by answering waive any defect or irregularity in the writ of garnishment. For the jurisdiction of a court over a man's property in possession of another, when no jurisdiction has been obtained over the person of the owner, can not be obtained by a waiver of a defect in the very process upon which its jurisdiction depends.

In view of these well-established principles, the crucial question is, Did the writ of garnishment issued in this case and served upon the Park Bank & Trust Company give the court jurisdiction over the fund of the Gilbert Book Company in the possession of the Bank & Trust Company when said writ was served?

Article 220, Revised Statutes of 1895, provides that, when certain prerequisites have been complied with, "the judge or clerk, or justice of the peace as the case may be, . . . shall immediately issue a writ of garnishment, directed to the sheriff or any constable of the county where the garnishee is alleged to be, commanding him forthwith to summons the garnishee to appear before the court out of which the same is issued, on the first day of the ensuing term thereof, to answer," etc.

It will be observed from our statement of matters pertinent to this assignment that the writ in this case summons the Park Bank & Trust Company to be and appear before said court "at the next regular term thereof to be held in Beaumont in said county on the day of —— A. D. 1905." Where "the general requirement of the statute is that he" (the garnishee) "must appear at or by a certain day, as 'the first day of the next term,' and when so specified, the statute is peremptory and must be obeyed and notice to appear at any other time will not give the court jurisdiction." (Shinn on Attach. & Garn., sec. 603. See also Rood on Garn., sec. 264.)

In Padden v. Moore, 58 Iowa, 703, cited in support of the text, it is said: "It is provided by section 2979 of the Code that the notice to the garnishee must require him 'to appear on the first day of next term of the court wherein the main cause is pending.' This appears to be a

peremtory provision of the law.  A party cannot be required to appear as garnishee at any other time, any more than a party to an action can be required to appear in obedience to an original notice at any other time than that fixed by law. . . . There can be no doubt . . . that the garnishee, when called upon to appear and answer in court, should be by notice required to do so on the first day of the next term of the court from which the writ issues." It was then held that a judgment by default in a garnishment proceeding, where the writ of garnishment did not contain this requirement, was void.

In McDonald v. Vinnette, 58 Wis., 619, another case cited to support section 603 of Shinn on Attach. & Garn., it is said: "The statute gives no authority whatever to issue a summons returnable on any day other than the return day of the execution. The garnishee can not lawfully be required by the summons to appear and answer touching his liability any other day. A departure from the statute of a single day is as fatal to the proceeding as one of a month or three months. . . . The municipal judge could only take jurisdiction of the garnishee defendant upon a summons issued and made returnable as the statute requires, and duly served."

Again, in Elder v. Hasche, 31 N. W. Rep., 58, it is said: "In ordinary actions, of course, a party may waive process, make voluntary appearance, and submit to the jurisdiction of the court. 'But this right a garnishee, as such, has not. He can not voluntarily appear, and substitute his creditor's creditor for his own, because that goes to the jurisdiction of the subject, not to the jurisdiction of his person.' It is elementary that the proceeding of garnishment is special, in derogation of the common law, and that the statute must be strictly pursued in order to confer jurisdiction. . . . The court could only acquire jurisdiction . . . by service and return of process as the statute required."

This whole matter is epitomized by Rood on Garnishment, sec. 271, where it is said: "Appearance and submission under void service depend upon a personal right to waive service, which the garnishee, as such, does not possess. He can waive his own rights, but he can not waive the defendant's rights. He can not voluntarily appear and substitute his creditor's creditor for his own, because that goes to the jurisdiction of the subject matter, not to the jurisdiction of the person. Fatal defects in the service or process can not be cured by any act of the garnishee."

In view of the principles cited we hold that the writ of garnishment issued in this case and served on the Park Bank & Trust Company was defective, in that it failed to require the garnishee to appear before the court out of which it issued on the *first day* of the ensuing term thereof, and therefore did not give the court jurisdiction of the fund of the Gilbert Book Company in the possession of the garnishee when the writ was served. From this it follows that the court had no jurisdiction to render a judgment *in rem.* subjecting said fund to plaintiff's demand, and, as it had no jurisdiction over the person of the Gilbert Book Company, the judgment is absolutely void. Wherefore, the judgment is reversed and the cause remanded.

*Reversed and remanded.*