TAYLOR v. TAYLOR et al.

(Court of Civil Appeals of Texas. El Paso. June 5, 1913. Rehearing Denied June 19, 1913.)

PROCESS (§ 26*)—SERVICE OF CITATION—TIME.

A citation commanded defendant to appear before the district court "at the next regular term thereof, to be holden * * * on the 2d Monday in September, 1912, the same being the 2d day of September, 1912." The term of the court convened on September 2, 1912. *Held*, that the citation was fatally defective as to the time defendant was cited to appear.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 20; Dec. Dig. § 26.*]

Appeal from District Court, El Paso County; J. R. Harper, Judge.

Suit by E. G. Taylor and others against E. L. Taylor. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

A. Pool and Brown & Terry, all of El Paso, for appellant. Stanton & Weeks, of El Paso, for appellees.

HIGGINS, J. E. G. Taylor filed suit against E. L. Taylor, and citation was issued commanding him "to be and appear before the honorable district court of El Paso county, Tex., thirty-fourth judicial district, at the next regular term thereof, to be holden at the courthouse in the city of El Paso, on the 2d Monday in September, A. D. 1912, same being the 2d day of September, A. D. 1912." The term of said court convened on September 2, 1912, and upon appearance day an interlocutory judgment by default was rendered against appellant, which was thereafter made final. A motion for new trial was filed, in which the sufficiency of the citation and the sheriff's return thereon were attacked, which motion was overruled, and the cause is now before this court for review. There is a total want of certainty as to time in the citation. It is impossible for the second Monday in a month to be the second day thereof. Defendant therefore could not determine from the citation the correct date upon which he was to appear. This want of proper certainty cannot be supplied by construction or intendment, and the citation was defective. Wright v. Wilmot, 22 Tex. 398; McNeil v. Ballinger, 1 White & W. Civ. Cas. Ct. App. § 841.

Reversed and remanded.

HARPER, C. J., did not sit in this case.