**ELLIS et al. v. LAMB–McASHAN CO.** *
(No. 10914.)

(Court of Civil Appeals of Texas. Fort Worth. March 1, 1924. Rehearing Granted April 12, 1924. Further Rehearing Denied May 17, 1924.)

**1. Judgment ⬤⟝444 — Judgment against garnishee, obtained by false and perjured testimony, may be set aside.**

A judgment against a garnishee, procured by means of false and perjured testimony, can be set aside in a proper proceeding.

**2. Garnishment ⬤⟝93—Writ should command appearance upon first day of ensuing term.**

Rev. St. art. 274, requiring command of writ of garnishment to summon garnishee to appear before court out of which same is issued first day of ensuing term, is imperative.

**3. Corporations ⬤⟝507(5)—Not assumed that superintendent of apartments was agent of corporation to receive service of process.**

Court cannot assume that one was an officer or agent of a real estate corporation from mere fact that he was the "superintendent of the Baconfield Apartments in the city of Houston," for purposes of service of process under Rev. St. art. 1860.

**4. Garnishment ⬤⟝95—Actual notice of issuance of writ will not supply lack of due service.**

A strict observance of proceedings specified in statutes is imperative in garnishment cases to end that rights of judgment debtor may not be invaded, and court cannot uphold judgment against garnishee because officers of garnishee corporation had knowledge of issuance of writ and its service on one not officer or agent.

*On Motion for Rehearing.*

**5. Corporations ⬤⟝509(7)—Garnishment ⬤⟝143—Judgment properly rendered against garnishee, where answer is evasive.**

Judgment may be properly rendered against garnishee where his answer is evasive, and an answer is evasive which does not include a denial of all matters inquired about in writ, and, where garnishee is a corporation, Rev. St. art. 275, must be complied with.

**6. Judgment ⬤⟝405—Garnishee, to be entitled to relief from default judgment, must show freedom from negligence, good defense, and injustice of enforcement.**

To entitle a garnishee to relief in equity from a judgment entered by default, he must show, among other things, that he has a good defense to entire cause of action, and it is not enough to show that he was not guilty of negligence in permitting judgment to go by default, but he must also show that it is inequitable and unjust to permit it to be enforced.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by the Lamb-McAshan Company against G. R. Ellis and others. From an or-

der granting a temporary writ of injunction, defendants appeal. Reversed.

Bonner, Bonner & Sanford, of Wichita Falls, for appellants.

Bryan, Dyess &' Colgin, of Houston, for appellee.

CONNER, C. J. This appeal is from an order of the district court of the Seventy-Eighth judicial district at Wichita Falls, granting a temporary writ of injunction restraining the sale of certain property situated in the city of Houston, Tex., known as "the Baconfield Apartments."

The petition, together with its exhibits, is very lengthy, and the appellants' complaining brief, also quite lengthy, is based upon alleged deficiencies in the petition. The order appealed from, of course, is interlocutory, and, whatever our ruling, the case upon its merits will come on for hearing and determination at the next regular term of said court, which begins on the first Monday in March next, to wit, March 3, 1924. See Acts 1915, c. 6, § 1; Complete Texas Statutes (Vernon's Ann. Civ. St. Supp. 1918) art. 30, subd. 78. In view, therefore, of the very probable early trial of the case we have concluded to dispose of this appeal briefly.

In substance, it is alleged, among other things, that prior to the 3d day of October, 1922, appellant Ellis had secured a judgment against J. L. Wilkin and R. H. Wilkin for the sum of $33,751, and upon that date he had caused a writ of garnishment to be issued out of the district court of Wichita county for the Seventy-Eighth judicial district, upon allegations that appellee, the Lamb-McAshan Company, a private corporation, was indebted to said J. L. and R. H. Wilkin and others, and had effects belonging to them and each of them, and that each of said judgment defendants were owners of shares in said company and had an interest therein. It is further alleged that the writ was directed to the sheriff or any constable of Harris county to appear before said court at the next term to be held at Wichita Falls, "on the 12th day of March, 1923," then and there to answer, etc.

It is further alleged that said writ of garnishment was served by delivering a true copy of the writ to "George E. Wilkin, president of the Lamb-McAshan Company," at 7:20 o'clock p. m. on the 9th day of October, 1922; that in fact said George E. Wilkin, at the time of said service or at any other time, was not the president of said company nor an officer thereof, but that, notwithstanding such fact, upon the return of the writ the district court, to which the writ had been made returnable as stated, entered its judgment against said company for the sum of $39,910, reciting that George E. Wilkin was the president of said company and

that due service upon said company had been otherwise made, notwithstanding the fact that an attorney representing said company in other cases before said court had, as an amicus curiæ only, filed and called the attention of the court to the affidavit of said Wilkin and of S. E. McAshan, one of the original incorporators, to the effect that George E. Wilkin had never at any time been a stockholder in or an officer of the Lamb-McAshan Company; that the service upon George E. Wilkin was at 7:20 o'clock p. m. on October 9, 1922, while he was at his residence after office hours, and not at the office of the Lamb-McAshan Company; that the only connection that George E. Wilkin ever had with said Lamb-McAshan Company was that of "superintendent of the Baconfield Apartments."

It was alleged that the district court, in rendering said judgment, and in its finding and recitals of due service, etc., of the writ of garnishment, was misled, and said judgment and recitals fraudulently procured by means of false and perjured testimony of persons unknown to the petitioner. It was further alleged that in fact and in truth said company was not indebted to the said J. L. and R. H. Wilkin and had no effects of those persons in its possession, and that neither owned stock in the corporation, and that appellee herein had no notice of the fact of the rendition of said judgment against it until long afterwards, to wit, until the threatened levy of execution sought to be enjoined in this case, which was in December, 1923, too late to have moved to set aside said judgment against it or to have appealed or sued out a writ of error therefrom, it being alleged in this connection that some time after the service of the writ of garnishment on George E. Wilkin, an officer of the appellee company had inquired and been informed by the clerk of the district court of the Seventy-Eighth judicial district that nothing had been done in the case.

It was further alleged that the first day of the term of court at which said writ of garnishment was legally returnable was on the 5th day of March, 1923, and not the 12th day of that month, as commanded by the writ, because of which, and because of the fraud and perjury alleged, the temporary writ of injunction was prayed for.

[1] If true, as alleged, that the judgment complained of was procured by means of false and perjured testimony, it cannot be doubted, we think, that appellee in due time and in a proper proceeding would be entitled to have the judgment set aside. See McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357, and cases there cited; Ralls v. Ralls (Tex. Civ. App.) 256 S. W. 695; McGloin v. McGloin, 70 Tex. 634, 8 S. W. 305.

[2] As alleged, the writ of garnishment was defective. As required by the statutes (article 274), the command of the writ should have been to summon the garnishee company "to appear before the court out of which the same is issued, upon the first day of the ensuing term thereof," which it was alleged was upon the 5th day of March, 1923, instead of upon the 12th day of March as directed in the writ complained of. The requirement of the statute is imperative. See Gilbert Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 8; Le Master v. Dalhart Real Estate Agency, 56 Tex. Civ. App. 302, 121 S. W. 185; Taylor v. Taylor (Tex. Civ. App.) 157 S. W. 1184.

Neither was the service of the writ sufficient if the facts alleged in the petition relating thereto are true, as we must assume for the purposes of this appeal. The appellee company was and is a private corporation, under the laws of the state of Texas, as shown by its articles, a certified copy of which is attached to the petition as an exhibit with S. E. McAshan, E. C. Lamb, and R. E. Field as incorporators, and article 1860, Rev. Statutes, in so far as pertinent, provides that:

"In suits against an incorporated company or joint stock association, the citation may be served on the president, secretary or treasurer of such company or association, or upon the local agent, representing such company or association in the county in which suit is brought, or by leaving a copy of the same at the principal office of the company during office hours," etc.

The averments of the petition distinctly negative any such service. One at least of appellant's principal contentions is based upon the facts that by the affidavit of George E. Wilkin, made a part of the petition, it appears that he was "superintendent of the Baconfield Apartments" at the time of the service of writ of garnishment, and that an attorney, employed by the appellee company in some other cases and possibly to prepare and file the affidavits referred to as filed in the district court prior to the entry of the judgment against it, appeared and called the attention of the court to said affidavit. It is contended in effect that it therefrom appears that the appellee company knew of the issuance of the writ and of its service, and voluntarily appeared through its counsel prior to the rendition of the judgment.

By its articles the appellee was formed—

"for the purpose of the erection and repair of any building and improvements, and the accumulation and loaning of money for said purpose, and for the purchase, sale, and subdivision of real property in towns, cities, and villages and their suburbs, not extending more than two miles beyond their limits, and for the accumulation and loaning of money for that purpose."

[3] We do not think we can assume that George E. Wilkin was an officer or agent of appellee corporation from the mere fact that he was the "superintendent of the Baconfield Apartments in the city of Houston."

In the case of Tompkins Machine & Implement Co. v. Schmidt (Tex. App.) 16 S. W. 174, it was held that service of a writ of garnishment on the "manager" of a domestic corporation was not sufficient; the court refusing to presume that the manager of the company was either the president, secretary, treasurer, or the local agent thereof. To the same effect is the decision of this court in Lathem Co. v. Radford Groc. Co., 54 Tex. Civ. App. 510, 117 S. W. 909.

[4] Appellee's petition distinctly negatives the presumption that the service of the writ complained of was made by levying the copy of the same at the principal office of the company during office hours and, the service otherwise appearing to have been contrary to the statutes, was fatally defective. Nor do we think the judgment can be upheld on the theory that the officers of appellee company had knowledge of the issuance of the writ of garnishment and of its service on George E. Wilkin, and of the further fact that its attorney employed in other cases called attention of the court to the affidavits denying George E. Wilkin was president. As we understand the ruling of our courts, a strict observance of the proceedings specified in the statutes is imperative in garnishment cases to the end that the rights of the judgment debtor may not be invaded.

In the case of Harrell v. Mexico Cattle Co., 73 Tex. 612, 11 S. W. 863, it was held that actual notice of the issuance of the writ of garnishment would not supply the want of due service of the writ. It was held further in that case that the garnishee could not accept service or voluntarily answer so as to affect the right of the defendant in the original suit or judgment or that of his creditors. It was said that the writ of garnishment takes effect so as to fix a prior claim upon the fund which is sought to be reached, only by the service of the writ in the manner provided by law, and that until this is done the garnishee cannot be in any manner affected by the suit. See, also, of like effect, City of Sherman v. Shobe, 94 Tex. 126, 58 S. W. 949, 86 Am. St. Rep. 825; Freeman v. Miller, 51 Tex. 443.

Appellants filed no answer to the petition complained of, and on the whole we see no sufficient reason to disturb the discretion of the lower court as exercised, and accordingly affirm the judgment.

### On Motion for Rehearing.

Our attention has been called to an inaccuracy in our statement of the allegations of appellee's petition that is of a very material character, affecting the proper disposition of the appeal in this case. The statement referred to is as follows:

"It was further alleged that in fact and in truth said company was not indebted to the said J. L. and R. H. Wilkin and had no effects of those persons in its possession, and that neither owned stock in the corporation."

The statement as quoted is incorrect. It was taken from an answer of the appellee company made in an answer, referred to and embodied in the petition, in another and different garnishment proceeding filed on the 5th day of March, 1923. The statement as made in our opinion was also quoted in appellee's brief, and in the hurry of writing our opinion the writer overlooked the fact that the answer filed in such other suit (and it could not be made to speak before that time) was filed some three or four months after the date of the issuance and alleged service of the writ of garnishment in the present suit. The allegations of the verified petition of appellee relating to the subject and upon which, among others, is based the prayer for the injunction, are as follows:

"This plaintiff would show that on the 9th day of October, 1922, the date on which service was attempted to be had upon this plaintiff, Lamb-McAshan, as garnishee in said cause No. 13469–B upon said George E. Wilkin as its president and citing this plaintiff as garnishee to appear in this honorable court on the 12th day of March, 1923; that on said date, viz. October 9, 1922, and March 12, 1923, this plaintiff, Lamb-McAshan Company, was not indebted in any manner to the said Waurika Oil Association No. 1, nor the said Y. E. Hildreth, nor the said T. A. Edmonds, nor the said J. L. Wilkin, nor the said R. H. Wilkin, either or all of them, and that this plaintiff, Lamb-McAshan Company, garnishee, was at no time indebted to any one of said judgment defendants, Waurika Oil Association No. 1, Y. E. Hildreth, T. A. Edmonds, J. L. Wilkins, and R. H. Wilkins at any time from the 9th day of October, 1922, to and including the 12th day of March, 1923, and that this plaintiff, Lamb-McAshan Company, was not in any manner indebted to any one of said judgment defendants on the 5th day of May, 1923, when said fraudulent judgment was dated and appears to have been rendered.

"This plaintiff would further show that as appears from the facts above alleged it was not in any manner a debtor of any of the judgment defendants in said cause No. 13469–B, and therefore the money judgment rendered against your petitioner in said suit by default for the sum of thirty-nine thousand and nine hundred ten and 28/100 ($39,910.28) and eighty-four and 10/100 ($84.10) dollars costs of court was rendered against this plaintiff not because it was a debtor of the defendant in this suit, G. R. Ellis, and who was the plaintiff in the said suit in which said judgment was rendered, but was rendered upon the alleged and pretended fact that your petitioner had defaulted in making an answer in said cause No. 13469–B."

A copy of the writ of garnishment attached to the appellee's petition as Exhibit A was issued on the 3d day of October, 1922. The petition alleged appellee to be a domestic corporation, and the command of the writ was:

"To summon the said Lamb-McAshan Company, if to be found within your county, to be and appear before the said court at the next term thereof to be held at Wichita Falls, in said county on the 12th day of March, 1923, then and there to answer upon oath what, if anything, it is indebted to the said Waurika Oil Association No. 1, Y. E. Hildreth, T. A. Edmonds, J. L. Wilkins and R. H. Wilkins, or either of them, it has in its possession, and had when this writ was served, and what other persons, if any, within its knowledge, are indebted to the said Waurika Oil Association No. 1, Y. E. Hildreth, T. A. Edmonds, J. L. Wilkins, and R. H. Wilkins, or either of them, or have effects belonging to them in their possession.

"And further to answer what number of shares, if any, the said Waurika Oil Association No. 1, Y. E. Hildreth, T. A. Edmonds, J. L. Wilkins and R. H. Wilkins, or either of them own in said Lamb-McAshan Company, and owned therein when this writ was served, and what interest, if any, said Waurika Oil Association No. 1, Y. E. Hildreth, T. A. Edmonds, J. L. Wilkins, and R. H. Wilkins, or either of them has in said Lamb-McAshan Company and had therein when this writ was served."

From these quotations and references, it will be observed that in the petition for the injunction herein it is not distinctly alleged that at the time of the issuance and attempted service of the writ of garnishment in this case the appellee company had no effects in its possession belonging to either J. L. Wilkins or R. H. Wilkins, and that neither of said persons owned any interest in the company, or that neither of said persons owned any shares of stock in said company, and that no persons within its knowledge were indebted to said parties. Article 275, Revised Statutes, reads:

"When it appears from the plaintiff's affidavit that the garnishee is an incorporated or joint stock company, in which the defendant is the owner of shares, or is interested therein, the writ of garnishment shall further require the garnishee to answer upon oath what number of shares, if any, the defendant owns in such company, or owned when such writ was served, and what interest, if any, he has in such company, or had when such writ was served."

[5] The form of the writ of garnishment described in the next article contains the requirements of article 275. It has been held by this court and others that the answer of a garnishee, which does not include a denial of all the matters inquired about in the writ, is evasive, and that under such an evasive answer the trial court is authorized to render judgment against the garnishee for the full amount of the recovery awarded against the defendant. See Okla-

homa Petroleum & Gasoline Co. v. Nolan (Tex. Civ. App.) 253 S. W. 650, and cases therein cited.

In Freeman v. Miller, 53 Tex. 372, it is said:

"The law does not seek to impose the payment of the debt due the principal debtor upon the garnishee as a penalty for his failure to make full answer, but proceeds upon the theory that, by not having made such answer, he tacitly admits that he has the means in his own hands, or knows of property by which such payment could be made. R. I. Ex. Bank v. Hawkins, 6 R. I. 198."

In the same case, in speaking of the duty of a garnishee in seeking to set aside a judgment against it, the court said:

"The true rule in such cases is that to entitle a party to relief in equity he must show, first, that his failure to make full answer was not attributable to his own omission, neglect or default; second, that he has a good defense to the entire cause of action, or to such part of it as he proposes by his petition to litigate. It is not enough to show that he was not guilty of neglect in permitting the judgment to go by default, but he must also clearly show that it is inequitable and unjust to permit it to be enforced. Hair & Labuzan v. Lowe, 19 Ala. 224; Drake on Attachment, § 658e; Kerr's Inj. in Eq., §§ 14–17.

"If the judgment below was substantially correct, although it might have been obtained through some inadvertence, mistake or want of due diligence upon the part of the defendant, or if the equities of the parties are otherwise equal, then a court of equity will not interfere, but will leave them where the law has placed them."

[6] Some of the expressions of the court in the case of Gilbert Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 9, cited in our original opinion, might be construed as rendering a judgment against a garnishee without service absolutely void, but that case is distinguishable in that it there appears that the court's jurisdiction over the nonresident defendant, the Gilbert Book Company, was wholly dependent on the regularity of the garnishment proceedings, and that the original suit had been dismissed as against the other defendant, while in the case here the jurisdiction over the original defendants is unquestioned and judgment rendered against them. At all events, the rule as stated in the quotation from Freeman v. Miller, supra, has been applied in the very recent case of Galloway v. Marietta State Bank, 258 S. W. 533, by the Texarkana Court of Civil Appeals. The general rule undoubtedly is that to entitle a party to relief in equity he must show, among other things, that he has a good defense to the entire cause of action. It is not enough to show that he was not guilty of negligence in permitting the judgment to go by default, but he must also clearly show that it is inequitable and unjust to permit it to be enforced. See Anderson

v. Oldham & Ward, 82 Tex. 228, 18 S. W. 557, in which Chief Justice Stayton quotes with approval from Freeman v. Miller, supra. See, also, Brown v. Clippenger (Tex. Sup.) 256 S. W. 254, and cases therein cited. The reason for the ruling is thus stated by Justive Greenwood in Brown v. Clippenger:

"If it was the correct judgment on the merits, a direct proceeding to vacate it would not have had a different result. For the party recovering a judgment must be made a party to a proceeding for its vacation, with the right to enforce any subsisting obligation of the complainant on which the judgment was predicated. If the complainant was truly bound to render to the plaintiff in the judgment all that the judgment required, his direct action must end with another adjudication against him, having precisely the effect of that sought to be annulled. Courts of equity do not set to remedy injuries wholly technical and insubstantial."

We adhere to what we said on other issues presented on this appeal, but conclude that, because of the failure of appellee company to make a full and complete answer to the requirements of the writ of garnishment, and thus show a valid defense to the writ that the appellants' motion for rehearing must be granted, and the judgment and order of the court below be reversed, vacated, and set aside, and that the temporary writ of injunction issued by the court below should also be set aside, and the writ dissolved and to be held of no further force and effect, and it is accordingly so ordered.