LAMB–McASHAN CO. v. ELLIS et al.
(No. 672–4230.)

(Commission of Appeals of Texas, Section A.
April 1, 1925.)

1. Corporations ⊶507(11)—Service on local agent not bad because writ and return erroneously designates him as president.

Service of writ on a corporation by delivering it to its local agent, a proper person on whom service could be had, is not invalidated by writ and officer's return erroneously designating him as its president.

2. Garnishment ⊶93—Service defective because of citation to appear at day other than first day of ensuing term.

Service of writ of garnishment is defective because citing garnishee to appear at a day other than the "first day of the ensuing term," in accordance with provision of statute which would appear to be peremptory.

3. Garnishment ⊶175 — Money judgment proper where garnishee fails to answer any one of statutory questions in writ.

Under Rev. St. art. 280, and article 282, as amended by Gen. Laws 1921, c. 105, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 282), money judgment against garnishee for full amount of judgment against defendants is proper, where it fails to answer any of the statutory questions contained in the writ under proper affidavit; it being only where full answer is filed that procedure indicated in articles 293–296 must be followed and judgment rendered only for amount garnishee is indebted to defendants, or in case there is no indebtedness, but are effects or shares of stock, then judgment for sale thereof as under execution.

4. Judgment ⊶145(4)—For relief from default judgment, garnishee must allege all facts necessary to allege in first instance to defeat judgment.

Garnishee to have set aside money judgment by default, reciting legal service and all necessary jurisdictional facts, must allege the same facts that it would have been necessary for it by its answers to allege to defeat judgment in the first instance.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by the Lamb-McAshan Company against C. R. Ellis and others. Order granting temporary injunction was reversed by the Court of Civil Appeals (264 S. W. 241), and plaintiff brings error. Affirmed.

Bryan, Dyess & Colgin, of Houston, for plaintiff in error.

Bonner, Bonner & Sanford, of Wichita Falls, for defendants in error.

GERMAN, P. J. This suit was instituted in the district court of Wichita county by plaintiff in error, Lamb-McAshan Company, against G. R. Ellis and the sheriff of Harris county to set aside and enjoin the enforcement of a judgment by default entered against it as garnishee May 5, 1923. A temporary writ of injunction was granted restraining the sale of property belonging to plaintiff in error, situated in Houston, Tex., known as the Beaconfield Apartments. The court of Civil Appeals reversed the action of the district court and dissolved the temporary injunction. 264 S. W 241. The effect of this decision by the Court of Civil Appeals is that plaintiff in error's petition in the district court was insufficient as a basis for cause of action to set aside and vacate the judgment of March 5, 1923. In its last analysis, the sole question for determination is: Does the petition of plaintiff in error sufficiently allege and set forth a meritorious defense existing in its favor at the date of the judgment against it, which, if duly presented by it at the time, would have made the judgment which was entered against it an improper one.

Every proposition urged by plaintiff in error in its original petition, and submitted here, either directly or indirectly, relates to one main contention, which is this: That there was no legal service upon it as garnishee prior to the entering of the judgment against it May 5, 1923. Incidental to this contention is the further one that, as there was no legal service upon it, its petition in the suit now pending sufficiently alleges and discloses a meritorious defense to the judgment entered against it.

The writ of garnishment that was issued on the 3d day of October, 1922, to be served upon plaintiff in error as garnishee, was directed to Harris county and recited that the Lamb-McAshan Company was a corporation, having as "its president George E. Wilkin, who resides in Harris county, Tex., and upon whom service of writ of garnishment herein may be had." The officer's return recites that it was served October 9, 1922, "by delivering to George E. Wilkin, president of the Lamb-McAshan Company, the within named garnishee, at Houston, Harris county, Tex., a true copy of this writ." Plaintiff in error's first complaint is that at the time of

service of the writ of garnishment George E. Wilkin was not the president of the Lamb-McAshan Company, and did not hold any office in said company, and that therefore said purported service was fatally defective. The next complaint is that the writ did not command the garnishee to appear on the "first day of the ensuing term" of the court, to wit, March 5, 1923, but did command it to appear "at the next term thereof to be held on the 12th day of March, 1923."

The judgment of May 5, 1923, recites due and legal service upon plaintiff in error, and all the facts necessary to confer complete jurisdiction and authorize the judgment that was entered. It recites that when it was called to the attention of the court that George E. Wilkin was not the president of the Lamb-McAshan Company, the court heard evidence upon the question of the sufficiency of the service, and expressly found that the said Wilkin, at the time of the service, was the general manager and local agent of said corporation in Harris county, and in exclusive charge, management, and control of the business and affairs of the corporation; and by reason of such finding the court further found that the service was regular and valid. The judgment further recites that the Lam-McAshan Company had wholly failed to make answer, as required by law, and that the court found from the evidence that R. H. Wilkins and J. L. Wilkins, against whom defendant in error Ellis had judgment, were the "principal owners, proprietors and stockholders of said garnishee Lamb-McAshan Company, and that the said Lamb-McAshan Company was largely indebted to and had in its hands effects of great value belonging to said defendants." Judgment was thereupon entered for the full amount of the judgment held by defendant in error against R. H. Wilkins and J. L. Wilkins, with interest and costs, as provided by the statute.

[1, 2] Under the view we have taken of the case, it becomes unnecessary to discuss in detail the two contentions made by plaintiff in error that there was no legal service upon it of the writ of garnishment. We are inclined to think that the service was insufficient, and that thereby the judgment was subject to be set aside, provided plaintiff in error had alleged a meritorious defense. We do not think the service is defective upon the first ground mentioned. The trial court found that George E. Wilkin was the local agent in Harris county of plaintiff in error, and was a proper person upon whom service could be had. This is not denied, and we think it does not invalidate the service because the writ and officer's return designated him as president. But we are inclined to the opinion that the service was defective because it cited plaintiff in error to appear at a day of the term of the court other than the "first day of the ensuing term." This provision of the statute would appear to be peremptory. See Gilbert Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 8.

[3, 4] But if this contention be admitted, it remains to be decided whether or not plaintiff in error has alleged a meritorious defense. In the recent case of Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254, our Supreme Court held that in an action to cancel a judgment which recited facts showing jurisdiction, the complainant, though showing that no service was actually had upon him, must also allege that he had a meritorious defense to the action before being permitted to maintain his suit.

The affidavit upon which writ of garnishment was based contained, among other things, a statement that the Lamb-McAshan Company was an incorporated company, was indebted to the judgment defendants, that it had effects belonging to said defendants, and that the affiant had good reason to believe and did believe that each of said judgment defendants were owners of shares of stock in said company. The writ of garnishment required said company to answer upon oath what, if anything, it was indebted to the judgment defendants, or what effects, if any, belonging to them it had in its possession, and what number of shares, if any, said defendants or either of them had in said Lamb-McAshan Company.

By article 280 of our Revised Statutes it is provided:

"The answer of the garnishee shall be under oath, in writing, and signed by him, and shall make true answers to the several matters inquired of in the writ of garnishment."

Article 282 of the statutes, as amended by chapter 105 of the General Laws of 1921, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 282), provides:

"The garnishee shall in all cases after lawful service file an answer to the writ of garnishment on or before appearance day of the term of the court to which such writ is returnable and should the garnishee fail to file such answer to said writ as herein required, it shall be lawful for the court, at any time after judgment shall have been rendered against defendant, and on or after appearance day, to render judgment by default, as in other civil cases against such garnishee for the full amount of such judgment against the defendant, together with all interest and costs that may have accrued in the main case and also in the garnishment proceedings, provided that the answer of such garnishee may be filed as in any other civil case at any time before such default judgment is rendered."

As noted above, plaintiff in error filed no answer to the writ of garnishment, although the judgment recites legal service on it, and judgment by default for the full amount of judgment against defendants was entered against it. In its petition to set aside the judgment, wherein the temporary writ of in-

junction was issued, plaintiff in error specifically alleges that on the date of the service of writ of garnishment, to wit, October 9, 1922, and on appearance day of the next term of court, and on the date of judgment, May 5, 1923, it was not in any manner indebted to any one of the judgment defendants, and was not in any manner a debtor of any of said defendants. Apparently it was careful not to deny that on any of said dates it did not have in its possession any effects belonging to any of said defendants, and did not deny that on any of said dates the defendants owned shares of stock in said company. The position taken by plaintiff in error may be succinctly stated as follows: That, under the law relating to liability of garnishees, a money judgment can be rendered against the garnishee only in case the garnishee is indebted to the defendant in judgment. That in case where the garnishee has in its possession effects belonging to the defendant, or the defendant owns shares of stock in the garnishee company, no judgment can be rendered except one foreclosing the garnishment lien upon the shares of stock or effects. It therefore contends that where a money judgment is entered against the garnishee by default, in order to have it set aside, in case of no proper service, it is only necessary to allege that garnishee was not indebted to the judgment defendant. Plaintiff in error relies upon the case of Harrell v. Mexico Cattle Co., 73 Tex. 612, 11 S. W. 863, and its pleadings and defense have been constructed on the theory that the case cited is conclusive of the matter.

We cannot agree with plaintiff in error upon the contention made. As we interpret the law in the light of the amendment of 1921, in every case where there is no answer filed by the garnishee, or where the garnishee, without an excuse therefor, fails or refuses to answer to any one or more of the statutory questions contained in the writ, under proper affidavit, the court is authorized to render a money judgment against the garnishee; and that, too, regardless of whether he is indebted to the defendant or not. It is only in cases where an answer is filed that the court must follow the procedure indicated in articles 293, 294, 295, and 296, and render judgment only for the amount garnishee may be indebted to defendant, or where there is no indebtedness and there are effects or shares of stock render judgment for sale as under execution of the effects or shares of stock. The case of Freeman v. Miller, 51 Tex. 443, appears to be directly in point. In that case the garnishee was commanded by the writ to answer three questions. He answered that he was not indebted to the judgment defendants, but failed to answer whether he had in his possession any effects of the defendants, or whether any credits or effects of de-

fendants were in the hands of other persons. Upon this answer judgment was rendered against him for the full amount of the judgment against defendants. In affirming the judgment the court, among other things, say:

"Although proceedings by garnishment should be strictly construed, yet when the statute prescribes the precise questions to be asked and requires that they shall be answered, under the penalty of liability to judgment, we think it the proper practice to require the garnishee to comply with the statute and make full answer. This is the rule prescribed in the Revised Code of 1876, which will soon govern in such cases. * * * If a different practice were adopted, then it would be in the power of the garnishee, either by evasion or neglect, to so delay the progress of the proceedings against him as to impair, if not defeat, the objects of the statute. * * *

"We are further of opinion, that in a case like the one now before the court, where the garnishee, without any excuse therefor shown on the record, fails to make any answer to one or more of the statutory questions, then the court is authorized to proceed as though no answer had been made, and render judgment accordingly; and that if from accident, mistake, or other cause, injustice has been done the garnishee, he himself must take the initiative, and, by motion made in due time, or other proper proceedings, seek to set aside the judgment."

A proceeding in equity being later brought to set aside this judgment, the court on a second appeal (53 Tex. 372) reaffirms the ruling in the prior case and makes the following additional comment:

"The law does not seek to impose the payment of the debt due the principal debtor upon the garnishee as a penalty for his failure to make full answer, but proceeds upon the theory that, by not having made such answer, he tacitly admits that he has the means in his own hands, or knows of property by which such payment could be made."

The court then lays down the things necessary for the party to show to entitle him to relief, which are these:

"First, that his failure to make full answer was not attributable to his own omission, neglect or default; second, that he has a good defense to the entire cause of action, or to such part of it as he proposes by his petition to litigate. It is not enough to show that he was not guilty of neglect in permitting the judgment to go by default, but he must also clearly show that it is inequitable and unjust to permit it to be enforced."

Now in the present case it may be admitted that plaintiff in error alleges good and sufficient reasons why it did not make answer as required by the law. However, it does not allege or even intimate that if it had answered it would have denied the ownership of shares of stock in the company by judgment defendants, or that it had effects in its

possession belonging to them. The whole situation is such that the natural inference is that it could not have truthfully made such answer. We therefore think that plaintiff in error is not in position to claim that it is inequitable and unjust to permit the judgment to be enforced without allegations and proof that at the time of the service of writ it did not have in its possession effects of the judgment defendants and that said defendants did not own any shares of stock in said company. If there had been an answer, it could not have prevented a money judgment simply by denying that it was not .indebted .to defendants and not answering the other questions. If the money judgment was authorized because of failure to answer to the other statutory questions, then proper allegations as to the other statutory questions must be made to entitle it to vacate the judgment.

In view of the recitations in the judgment of due and legal service and all necessary jurisdictional facts, we think the rule to be that to entitle plaintiff in error to maintain an action to set the judgment aside it must allege the same facts as it would have been necessary for it to allege in order to defeat judgment in the first instance.

The language in the case of Harrell v. Mexico Cattle Co., supra, which it is claimed is in conflict with the conclusion here expressed, must be interpreted in the light of the facts and pleadings of that case. It will be observed that the court in referring to the allegations in garnishee's petition shows that it alleged "it had a meritorious defense." By referring to the record in that case we find the following allegation with reference to the affidavit filed by Harrell as basis for writ of garnishment:

"That the said Harrell believed said Brown to be the owner of shares in the Mexico Cattle Company, and prayed that a writ of garnishment issue to this plaintiff said Mexico Cattle Company commanding it to answer upon oath if the said Howell Brown is the owner of shares of stock in said plaintiff .company. That said affidavit for writ of garnishment did not state that the affiant David Harrell had reason to believe and did believe that the plaintiff Mexico Cattle Company was indebted to said Howell Brown, or that it had in its hands effects belonging to said Howell Brown."

The petition contains the further allegation:

"The premises considered, plaintiff avers that by reason of the absence of proper legal service on plaintiff of said writ of garnishment in favor of defendant as aforesaid, and by reason of the absence of any proper legal affidavit as required by law to authorize the issuance of said writ of garnishment, and the rendition of the said judgment by the district court of Mitchell county as aforesaid, said judgment in favor of defendant David Harrell and against this plaintiff as garnishee of said Howell Brown is null and void and of no force nor effect whatever for the want of jurisdiction in said court to render the same."

It therefore appears that Harrell in his affidavit for writ did not claim that the garnishee was indebted to Brown, and the writ of garnishment did not require the garnishee to answer with reference to any indebtedness, but only required it to answer with reference to shares of stock, if any, held by Brown in the company. The court must necessarily have concluded that a failure to answer to this writ did not authorize a money judgment, because Harrell was only seeking to obtain information with reference to shares of stock owned by Brown that he might sell same as under execution to satisfy his debt. We do not think the decision, therefore, in the light of the facts, can be construed as holding that where the affidavit and writ require complete and full answers to all statutory questions, and there is a failure to answer at all, no proper money judgment could be entered, especially in view of the amendment of the law as made in 1921. If the judgment was proper under the circumstances, then the rule with reference to setting it aside would be as above stated.

It follows from what has been said that our conclusion is that the judgment of the Court of Civil Appeals dissolving the temporary writ of injunction was correct, and it is our recommendation that such judgment be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.