MANSFIELD et al. v. SECURITY TRUST CO. OF HOUSTON. (No. 5459.)

(Court of Civil Appeals of Texas. San Antonio. April 7, 1915.)

JUDGMENT ☞17—SERVICE OF PROCESS—REQUISITES FOR DEFAULT JUDGMENT.

Nothing essential by statute to service of citation may be left to inference to sustain a default judgment, and where the return does not show that a true copy of the citation was delivered to each of the defendants, a default judgment against them will be reversed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. ☞17.]

Appeal from Harris County Court, at Law; Clark C. Wren, Judge.

Action by the Security Trust Company of Houston against H. P. Mansfield and others. There was a default judgment for plaintiff, and certain of the defendants appeal. Reversed and remanded.

O'Brien Stevens, of Houston, for appellants.

MOURSUND, J. The Security Trust Company of Houston obtained a judgment by default against H. P. Mansfield, W. C. Moore, and C. F. Stevens. Mansfield and Moore seek, by this proceeding, to set aside such judgment; their contention being that the return on the citation is insufficient to authorize a judgment by default against them.

Under the rule that nothing essential by statute to the service of a citation should be left to inference in order to sustain a judgment by default, we hold that the return in this case is insufficient to show that a true copy of the citation was delivered to each

of the defendants Moore and Mansfield. The judgment against said two parties is reversed and the cause remanded.