**FIRST NAT. BANK OF ATHENS v. GUAR-
ANTY BOND STATE BANK OF ATHENS
et al. (No. 1104—5353.)**

Commission of Appeals of Texas, Section B.
Jan. 29, 1930.

W. R. Bishop, T. L. Wynne, and Sam Holland, all of Athens, for plaintiff in error.

Justice & Sigler, of Athens, for defendants in error.

SHORT, P. J. Since a clear statement of this case will be found in the opinion of the Court of Civil Appeals, 12 S.W.(2d) 676, only a brief summary of the matters shown by the record is necessary to be made by us.

On the 23d day of August, 1927, the plaintiff in error recovered a judgment against J. P. Morrow for $2,870, with 10 per cent. interest per annum from July 11, 1927. On the 13th day of October, 1927, the plaintiff in error sued out a writ of garnishment against the defendant in error, the Guaranty Bond State Bank, a domestic corporation located and doing business at Athens, Tex., in Henderson county, in the district court of which these proceedings were had. The return of the officer serving the writ of garnishment on its face showed that the writ was executed on the 13th day of October, 1927, at 9:45 a. m., by delivering to Tom P. Faulk, vice president of the defendant in error bank in person a true copy of the writ. On October 19, 1927, the defendant in the original suit executed and had approved and filed a replevy bond with A. W. Sides and H. S. Barron as sureties. On the 6th day of February, 1928, the defendant in error bank filed its motion to quash the writ of garnishment on the ground that the officer's writ thereon shows the same to have been served on Tom P. Faulk, vice president of the defendant in error bank. Likewise, on the same date, the original defendant, Morrow, and the sureties on the replevy bond, filed a similar motion to quash the writ of garnishment for the identical reason. On the 11th day of February, 1928, the plaintiff in error filed an answer to said motion under oath alleging that Tom P. Faulk was the active vice president, general manager, and local agent of the defendant in error bank, and also that a copy of the writ of garnishment was by the officer delivered to said Faulk at the principal office of the bank, during office hours, and also the said officer left at the principal office of the defendant in error bank, during office hours, a copy of the writ of garnishment. On the 10th day of March, 1928, a trial was had in which the court heard the evidence introduced by the plaintiff in error in support of its allegations. No other testimony was introduced. This testimony conclusively shows that Tom P. Faulk, on the date of the alleged service of the writ of the defendant in error bank, was its local agent, and also shows that a copy of the writ was delivered to this agent by the officer at the principal office of the defendant in error during office hours, and also that a copy of the writ was left at said principal office of said bank during office hours. The court overruled the motion of plaintiff in error, sustained the motion to quash the writ of garnishment, and then proceeded to incorporate in its judgment the following:

"It is further ordered, adjudged and decreed that said motions to quash said writ of garnishment be and are by the court sustained. That the plaintiff, the First National Bank of Athens, Texas, take nothing herein; that garnishee, Guaranty Bond State Bank, Athens, Texas, and J. P. Morrow, and sureties on his replevy bond, A. W. Sides and H. S. Barron, go hence without day and recover of plaintiff all costs in its behalf incurred, for which they may have their execution."

The plaintiff in error excepted to this judgment, and gave notice of appeal to the Court of Civil Appeals, filed its assignments of error, and duly prosecuted its appeal. Upon a hearing of the case by the Court of Civil Appeals, at Beaumont, Tex., the judgment of the district court of Henderson county was in all things affirmed, from which judgment the plaintiff in error has prosecuted, successfully, writ of error to the Supreme Court.

In its application for the writ of error, the plaintiff in error presents twelve assignments of error, and the Supreme Court granted the writ on assignments one to eight, inclusive, in the application. These eight assignments, in one way or another, challenge the correctness of the holding of the Court of Civil Appeals in its opinion that Tom P. Faulk, who held the office of vice president, under the facts conclusively proven, was not such a person upon whom the writ of garnishment could have been served, so as to make the service of the writ binding upon the garnishee bank. The eleventh assignment of error is to the same effect as the assignments 1 to 8, inclusive, while the other three assignments assert the proposition that the defendant in error Morrow and the sureties on his replevy bond were estopped from contending the legal service of the writ was not had on the defendant in error bank.

Article 2029, R. S. 1925, provides that:

"In suits against any incorporated company or joint stock association, the citation may be served on the president, secretary or treasurer of such company or association, or upon the local agent of such company or association in the county where suit is brought, or by leaving a copy of the same at the principal office of the company during office hours."

The question of law presented by assignments 1 to 8, inclusive, and also by assignment 11, is whether, under the undisputed facts disclosed by the record, the garnisheed bank was legally served with the writ of garnishment issued in the case.

■ A garnishment suit is a purely statutory proceeding, and the provisions of the statute are to be strictly construed.

■ In this case the application for the writ is in accordance with the statute, as is also the writ itself, under the allegations made in the application. However, if the service of the writ, in fact, is not in compliance with the statute heretofore quoted, then the trial court acquired no jurisdiction over the bank, and no judgment could be rendered in the case.

Unquestionably, measured by the provisions of the statute above quoted, the return of the officer apparently serving the writ was insufficient upon its face to give the court jurisdiction over the bank. This writ prima facie shows that the writ was served upon the vice president of the bank, who is not one of the officials or other persons named in the statute upon whom the service could be had, so as to bind an incorporated company, such as the garnisheed bank appears to be.

Had no motion to quash the service upon the writ been filed, and had no other information been legally furnished the court, as to the facts constituting the service or attempted service of the writ, and had the trial court entered a judgment by default in favor of the original plaintiff, the plaintiff in error here, against the garnisheed bank, such attempted effort on the part of the trial court to render such judgment would have been a futile one.

When the motion to quash the service of the writ was filed by the defendant in error bank, it may have, and undoubtedly did, have the effect to call to the attention of the court the apparent fact, according to the record, that the bank had not been legally served with the writ of garnishment, but it did not necessarily furnish the court with any additional information authorizing the court to proceed further with the case. The garnisheed bank may have safely and properly assumed that the court would not render any judgment against it upon the service, as shown by the return of the officer upon the writ. However, the garnisheed bank did take note of this apparent defect in the service by voluntarily appearing and filing its motion to quash the service of the writ. When it filed this motion, thus voluntarily, it made itself a party to the proceedings, at least to the extent of invoking the power of the court to pass upon the sufficiency of this return.

Being in court for that purpose and in that manner, the plaintiff in error thereupon took note of the fact that the garnisheed bank had appeared in the case for the limited purpose indicated by its motion, and under oath sought to furnish the court with certain alleged information which it contended had the legal effect to show that the garnisheed bank had in fact been legally served under the terms of the statute, and that the court in fact had acquired jurisdiction over the garnisheed bank. The plaintiff in error, after filing this paper, to which no reply or answer was filed by the defendant in error bank, or by the original defendant in the original suit, introduced the testimony of the individual shown by the officer's return to have been served with the writ of garnishment. The allegations of the plaintiff in error, in this paper thus filed, proof of which was furnished by the testimony of Tom P. Faulk, substantially are to the effect that Tom P. Faulk, at the time of the service, was in complete charge and control of the operation of the bank; that he was the local agent for the bank, and the active head and general manager of it, and that, as such, during banking hours, and while he was in the office of the institution, a copy of the writ was delivered to said Faulk, and that a copy of the writ of garnishment was left by the officer executing it at the principal office and place of business and within the banking hours of the institution.

Article 4083, R. S. 1925, merely prescribes that the officer receiving the writ of garnishment shall execute the same by delivering a copy thereof to the garnishee. So the question here presented is whether the facts shown by this record are legally sufficient under the provisions of article 4083. All the proceedings up to the time the officer attempted to comply with this article are confessedly regular, and, if the attempt of the officer to comply with article 4083, as shown by the facts, was a successful one, then the court acquired jurisdiction over the garnisheed bank; while, if it was an unsuccessful one, no such jurisdiction was acquired. This article merely requires the executing officer to deliver a copy of the writ to the garnishee. This garnishee is shown to have been an incorporated company, and of necessity could only have delivered to it a copy of the writ through an authorized agent.

Article 2029 of the R. S. 1925, is not a part of the law especially relating to garnishment proceedings. It is a general law, and, in construing the meaning of its provisions, that construction will be given which will accomplish the result evidently sought to be attained by the Legislature in enacting it. It appears from the reading of this article that the Legislature intended to permit an incorporated company to be served with citation in a suit against it in several ways, one of which was to serve the citation on the president; another upon the secretary; another upon the treasurer; another upon the local agent in the county where the suit is brought; and another by leaving a copy of the same at the principal office of the company during office hours. A service in either of these ways, under the law, is a legal one, and is sufficient, when shown thus to have been had, to confer jurisdiction over the incorporated company by the court in which the suit against it has been filed. In determining whether such legal service had been had, the return of the officer is not conclusive. Either party may by proper pleading and proof contradict its terms or supplement the facts necessary to show that such legal service had been had. In this case, neither the application for the writ, nor the writ itself, named any particular individual upon

whom service of the corporation might legally be had. It appears that under the facts presented to the court, before the court rendered its judgment, the corporation was served in two of the ways prescribed by the statute. A copy of the writ was left at the principal office of the garnisheed bank and within the banking hours of the institution. This was one way which the law authorized the writ to be served on this corporation. A copy of the writ was delivered to Tom P. Faulk, the local agent of the bank, during banking hours, and while he was in the principal office of the institution. This was another way prescribed by the law for the service of the writ.

In discussing article 2029, under another number, the Supreme Court, speaking through Associate Justice Stayton, in G. H. & S. A. Ry. Co. v. Gage, 63 Tex. 572, 573, where a similar situation with reference to the allegations in the pleadings was discussed, says:

"In the case before us neither the petition nor citation gave the name of the person who was the local agent of the appellant in Uvalde county, and we are of the opinion that in such cases, if there be no appearance for the defendant, a court ought to take no action until proof is made that the person served was really the local agent of the corporation sued, acting for it in the county in which the suit is brought."

In the case of Lamb-McAshen Co. v. Ellis, 270 S. W. 547, the Commission of Appeals held that service on a domestic corporation by delivering it to its local agent, a proper person on whom service could be had, is not invalidated by the officer's return of the writ erroneously designating him as its president, where it appeared that the court heard evidence upon the question of the sufficiency of the service, and expressly found that the person served at the time of the service was a general manager and local agent of the corporation in the office of the company where the writ was served and in exclusive charge of the management of the business and affairs of the corporation. In that case the writ recited that the person upon whom service was afterwards had was the president of the corporation, upon whom service of writ of garnishment might be had, and the officer's return recited that he executed the writ of garnishment by delivering, to the alleged president of the corporation, a true copy of the writ. It appeared upon a suit afterwards brought by the corporation to set aside the judgment by default rendered against it as garnishee that the person alleged to have been the president, and upon whom the service was actually had, was not at the time its president, and yet, in view of the fact that the judgment recited that the court had heard evidence upon the question of the sufficiency of the service, and

found the facts as above stated, the Commission of Appeals concluded that no error had been committed in this respect, and that the service was sufficient to sustain a judgment by default.

In the case at bar, the return of the officer upon the writ, as far as it went, stated the facts truthfully. Tom P. Faulk, upon whom the writ was served, was in fact vice president of the garnisheed bank. According to the allegations and the testimony in support thereof, made in the motion of the plaintiff in error, he was also the local agent of the bank, and further that a copy of the writ of garnishment was delivered by the officer to this local agent at the principal office of the bank during office hours, and also that the officer left at the principal office of the defendant in error bank, during office hours, a copy of said writ. The testimony shows conclusively that these things were done at the identical place and within the identical room where the bank transacted its business.

The opinion in the case of Harrell v. Mexico Cattle Co., 73 Tex. 612, 11 S. W. 863, 864, inferentially holds that such a service, as was had in this case, as shown by the testimony, upon a corporation in a garnishment suit, is sufficient to give jurisdiction over the corporation and to authorize a judgment by default. However, in that case the service was held to be insufficient, for the reason given in the opinion that it appeared that the place of business of the corporation sought to be served was in the rear of, and cut off by a screen from, the banking room, and all the testimony as to the service was that the writ was delivered to an officer in an adjoining room to that of the principal office, the court saying on this subject: "The writ was delivered to Swinney in the banking-house of the Colorado National Bank. The appellee's books were kept in the vault of the bank, but its business was transacted in a rear room of the bank building, which was cut off from the banking rooms proper by a screen." So the court held the service to be insufficient under these facts and for the reasons indicated. We infer that, had the testimony shown that the writ was served by being left at the principal office of the garnisheed corporation, in place of an adjoining room thereto, that the court would not have held the service to have been invalid on this ground.

Had no motion to quash the service of the writ been filed and presented, yet had the plaintiff in error, recognizing the insufficiency of the officer's return to authorize the court to take jurisdiction of the defendant in error bank, by proper pleadings and proof, such as it filed and presented in this case, established the facts which he did establish, and had followed this proceeding with an introduction of the material allegations in its application for the issuance of the writ

of garnishment, and had the court thereupon entered judgment against the defendant in error bank for the amount of the judgment in the original case, in the absence of any further effort to show the invalidity of the service, such judgment so rendered would have been valid, for the reason that the trial court would have been thus invested with authority to render judgment by default. What we intend to hold is that, under the facts shown by the record in this case, of which there is no denial, the delivery by the officer executing the writ of garnishment to Tom P. Faulk, at the time, place, and under the circumstances, was a legal service of the writ upon the defendant in error bank, assuming, as we do, that all the proceedings in the case are regular in every respect, and are unchallenged either by the defendant in error bank, or the defendant in the original case, except as above stated. It follows from what has been said the assignments of error 1 to 8, inclusive, and 11 are sustained.

■ The other assignments are not before us in such a way as to permit us to discuss them further than to say that there is neither pleading nor proof in the record on the subject to which they relate, and we therefore, for that reason alone, overrule them.

We recommend that the judgment of the Court of Civil Appeals, and that of the district court be reversed, and that the case be remanded to the district court for such further proceedings as may be had consistent with our opinion.

CURETON, C. J. Judgments of the District Court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals.