**CRAGIN & SON, Inc., v. JONES et ux.**
**No. 2526.**

Court of Civil Appeals of Texas. El Paso.
April 9, 1931.

W. Edward Lee, of Longview, for plaintiff in error.

G. W. Dunaway, of Midland, and Rutledge Isaacks, of Pecos, for defendants in error.

WALTHALL, J.

This appeal is taken by Cragin & Son, plaintiff in error, to set aside a judgment by default rendered against it as garnishee.

The record shows that in February, 1929, J. W. Jones and wife, assignees of certain claims against John Unger, aggregating in amount $799.15, filed suit in the county court of Ward county in cause No. 310, against Unger as a transient person, and on the 16th day of May, 1930, obtained judgment for said sum.

On March 21, 1929, J. W. Jones and wife in said cause filed their affidavit in garnishment against Cragin & Son, Inc., reciting:

"That plaintiffs sue defendant in said suit for a debt amounting to the sum of $799.15; said sum is just, due and unpaid, and defendant has not within the knowledge of the plaintiffs, or of the person making the affidavit in support of this application, property in his possession within this state subject to execution sufficient to satisfy such debt, and that the garnishment now applied for is not sued out to injure either the defendant or the garnishee. The plaintiffs have reason to believe, and do believe, that Cragin & Son, Inc., a corporation, with F. E. Cragin, its president, who resides in Midland County, Texas, is indebted to the defendant, and that it has in its hands belonging to the defendant. * * *"

On April 2, 1929, J. W. Jones and wife duly filed with the county clerk of Ward county, in said suit, their affidavit and bond in garnishment; said bond being in the sum of $1,600, and approved by the county clerk.

On the 11th day of April, 1929, the county clerk of Ward county duly issued in said cause, No. 310, a writ in garnishment directed to the sheriff or any constable of Midland county, reciting the pending cause of J. W. Jones and wife against John Unger, the amount of the claim, the application of the writ of garnishment against Cragin & Son, Incorporated, the alleged residence to be in the county to which the writ is directed, directing the officer to summon Cragin & Son, Incorporated, to appear before the court at the next term, at Barstow, Tex., on May 6, 1929, to answer, etc.

The sheriff's return shows: "Came to hand the 18th day of April, 1929, at 2 o'clock P. M. and executed the 18th day of April, 1929, at 2:30 o'clock P. M. by delivering to S. B. Cragin an officer of Cragin & Son, Incorporated, the within named garnishee, at his office in Midland, Texas, a copy of this writ. [Signed] A. C. Francis, Sheriff, Midland County, By L. E. Haynes, Deputy. (Reciting the fees and marked paid.)"

The writ of garnishment was returned and filed in the county clerk's office of Ward county, on April 26, 1929.

The judgment in the suit of J. W. Jones and wife against John Unger recites that on the 16th day of May, 1930, defendant was duly cited, his failure to appear and answer, and judgment in favor of J. W. Jones and wife against John Unger in the sum of $799.15, with interest from date of judgment, and costs.

The record recites: J. W. Jones and Wife, Essie Jones, Plaintiff, v. Cragin & Son, Inc., a Corporation, Defendant, No. 310. That on May 16, 1930, the plaintiffs appeared and announced ready, but the garnishee, Cragin & Son, a corporation, though duly cited, came

not on or before appearance day, but wholly made default, and has failed to make answer to the writ; then reciting the judgment in the cause of J. W. Jones and wife against John Unger, entered judgment for plaintiffs against garnishee for the sum of $799.15, and the costs, stating the amount.

Cragin & Son filed its suit for writ of error on September 12, 1930, giving its supersedeas bond, approved by the clerk.

### Opinion.

■ Plaintiff in error submits that it being a corporation the service of the writ of garnishment was not made upon any officer upon whom service could be made. The application for the writ recites that "plaintiffs have reason to believe and do believe that Cragin & Son, a corporation, with F. E. Cragin, its president, who resides in Midland County, Texas, is indebted to," etc. The writ directs service be made on Cragin & Son, Incorporated.

The officer's return shows service on "S. B. Cragin, an officer of Cragin & Son, incorporated, the within named garnishee, at his office in Midland, Texas." Article 2029, authorizes service against an incorporated company to be made only upon the president, secretary, or treasurer of the company where service, as here, is made in a county other than where the suit is pending, and where service is sought to be made by delivering a copy of the writ to some one of the officers named, as in this instance. The record does not show that service was made on any one of the officers named. The application states that F. E. Cragin was the president of the corporation, and the return of the sheriff shows service on S. B. Cragin, an officer, but does not show he was any one of the officers upon whom service could be made. No effort was made to correct the return of the sheriff, or to show that S. B. Cragin was any one of the three officers named upon whom service could be made.

Without proper service the court was without jurisdiction to enter judgment against the garnishee.

■ A garnishment suit is purely a statutory proceeding, and the provisions of the statute are to be strictly construed. First National Bank of Athens v. Guaranty Bond State Bank of Athens (Tex. Com. App.) 23 S.W.(2d) 312.

■ We cannot presume, in the absence of evidence, that S. B. Cragin, stated to be "an officer," upon whom the service was made, was the president, secretary, or treasurer of the company.

In Tompkins Machine & Implement Co. v. Schmidt, 16 S. W. 174, the Court of Appeals of Texas refused to presume that the "manager" upon whom service was made was either the president, secretary, or treasurer of the company. To the same effect is Ellis v. Lamb-McAshan Co. (Tex. Civ. App.) 264 S. W. 241; Latham Co. v. J. M. Radford Grocery Co., 54 Tex. Civ. App. 510, 117 S. W. 909.

We have concluded that where the affidavit in the garnishment proceedings recites that F. E. Cragin is the president of the company, service of the writ upon "S. B. Cragin, an officer" of the company, is not sufficient to give the court jurisdiction of the person of the garnishee.

We think the residence of the garnishee, and service of citation upon John Unger, the defendant in the suit, are sufficiently shown.

For reasons stated the judgment of the county court, as to the garnishee, is reversed, and the case remanded.