**UNITED STATES LEASING CORP.,**
Petitioner,

v.

**CENTENNIAL LIQUOR STORES, INC.,**
Respondent.

No. 16181.

Court of Civil Appeals of Texas.

Dallas.

May 31, 1963.

one of those named by law as authorized to be served on behalf of the corporation defendant. The case is governed by our recent decision in Texaco, Inc. v. Mc-Ewen, 356 S.W.2d 809 (Tex.Civ.App., 1962, wr. err. ref. n. r. e.) wherein we reiterated the rule that the record must affirmatively show strict compliance with the statute. The record here fails to show that the person actually served was one of those expressly named by law to receive process on behalf of the corporation, and, accordingly, the judgment must fail.

Reversed and remanded.

Coke & Coke and Lawrence L. Beason, Dallas, for petitioner.

Jean Maier, Dallas, for respondent.

WILLIAMS, Justice.

Alleging that the record demonstrates absence of valid service, Petitioner, by Writ of Error, seeks reversal of a default judgment rendered in the Court below. Respondent's petition in the trial court alleges Petitioner (defendant below) to be a Texas Corporation and that service might be had upon H. David Lasseter, its "authorized agent". Sheriff's return recited service on petitioner by serving H. David Lasseter, its "agent". Judgment by default recited that service had been "duly and legally" had but defendant failed to appear.

Art. 2.11 of the Texas Business Corporation Act, V.A.T.S. governs method of service on domestic corporations. It is therein provided that the "president and all vice presidents of the corporation and the *registered agent* of the corporation shall be agents * * * upon whom any process * * * may be served." (Emphasis ours.)

In this instance H. David Lasseter is neither alleged nor shown to be