The JACKSBORO NATIONAL BANK,
Appellant,

v.

SIGNAL OIL AND GAS COMPANY,
Appellee.

No. 631.

Court of Civil Appeals of Texas,
Tyler.

June 15, 1972.

**340**

Patrick A. Myers, Jacksboro, for appellant.

Barbara L. Welz, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is an appeal by writ of error from a default judgment on a writ of garnishment rendered for Signal Oil and Gas Company against The Jacksboro National Bank, garnishee, for $504.58 with interest.

The application for writ of garnishment recites that Signal Oil and Gas Company had obtained a personal judgment for the sum of $504.58, including accrued interest against John Doughty and wife, Mae Doughty; that said judgment was final and wholly unsatisfied.

The appellant contends that the court erred in granting default judgment because (1) the sheriff's return does not show "the manner of service," as required by Rules 663, 107, and 16, Texas Rules of Civil Procedure, (2) the sheriff's return does not show "the manner of service" as required by Sec. 2.11, subdiv. A of the Texas Business Corporation Act, V.A.T.S. and Art. 2029, Vernon's Tex.Civ.St., (3) the sheriff's return does not show the place of service as required by Rule 16, T.R.C.P., and (4) the sheriff's return does not recite that the writ was executed.

The appellant states in its brief that the record shows that the appellee having recovered a judgment against defendants John Doughty and wife, Mae Doughty, caused a writ of garnishment directed to The Jacksboro National Bank to be issued on the 13th day of July, 1971. It appears that service of the writ on appellant was attempted on the 14th day of July, 1971. Further, that the record shows that The Jacksboro National Bank, the appellant, failed to file an answer or to make an appearance in the case. On August 9, the day after appearance day, default judgment was entered against appellant.

Appellant superseded the judgment and perfected this appeal by writ of error.

Appellant further states in its brief that it received no notice of default judgment as provided by Rule 329(a), T.R.C.P. On September 10th appellee notified appellant that the default judgment was final and requested payment. We assume that the dates August 9th and September 10th were in the year 1971.

The sheriff's return on the writ of garnishment was "(c)ome to hand on the 14 day of July, 1971, on the 14 day of July, 1971, by delivering the within named Garnishee, Jacksboro National Bank, by serving S. V. Stark, in person, a true copy of this writ."

No findings of fact or conclusions of law were filed by the trial court, and the case having been tried to the court without the aid of a jury, we must determine whether there was any evidence to support the judgment and the implied findings of fact incident thereto, and in doing so will consider only the evidence most favorable and disregard that opposed to these issues. Opryshek v. McKesson & Robbins, Inc., 367 S.W.2d 357 (Tex.Civ.App., Dallas, 1963, n. w. h.); Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950) and 23 A.L.R.2d 1114.

The case of Continental Insurance Co. v. Milliken, 64 Tex. 46, is squarely in point. On substantially the same facts as in the case at bar, the Supreme Court held that the return would not support a default judgment.

In that case, the officer's return read: "By delivering to the Continental Insurance Company, by serving A. N. Grant in person, its local agent at Weatherford, Parker County, Texas, a true copy of this citation."

The court said "to state that an officer executed process by serving it upon a named person is not to state the manner of service, but to give only the legal conclusion of the officer as to the compliance of his acts with the requirements of the statute. It is to state no more than that he

served process by serving it upon a particular person, the manner of service is left untold."

This decision has been followed by a long line of cases. Hyltin-Manor Funeral Home, Inc. v. Hill, 304 S.W.2d 469 (Tex. Civ.App., San Antonio, 1957, n. w. h.); Diamond Chemical Company v. Sonoco Products Company, 437 S.W.2d 307 (Tex. Civ.App., Corpus Christi, 1968, n. w. h.); Watson Van & Storage Company v. Busse, 451 S.W.2d 557 (Tex.Civ.App., Houston, 1st Dist., 1970, n. w. h.); Carlson Boats Works v. Hauck, 459 S.W.2d 887 (Tex. Civ.App., Houston 1st Dist., 1970, n. w. h.).

■ An officer's return of a writ of garnishment is governed by the same rules applicable to the return of citations. Rules 663, 107, and 16, T.R.C.P.; Fleming-Stitzer Road Bldg. Co. v. H. C. Rominger & Co., 250 S.W. 456 (Tex.Civ.App., El Paso, 1923, n. w. h.).

In the Fleming case, which was a garnishment suit, the court quoted Article 278, R.C.S. (now Rule 663, T.R.C.P.) and then said, "(t)he return must recite that a true copy of the writ was delivered to the defendant in person." See Mansfield v. Security Trust Co., 175 S.W. 771 (Tex.Civ. App., San Antonio, 1915, n. w. h.).

■ The sheriff's return recites that the writ was served on S. V. Stark in person. S. V. Stark is not alleged to have any capacity with The Jacksboro National Bank. Furthermore, the entire record is void of any mention of S. V. Stark, other than the recitation that he was served with the writ of garnishment.

It was held in Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App., Dallas, 1962, writ ref., n. r. e.) that "(i)t has long been the established law of this State that it is imperative and essential that the record affirmatively shows a strict compliance with the provided mode of service." See Bankers Life and Casualty Company v. Watson, 436 S.W.2d 404 (Tex.Civ.App., Tyler, 1968, writ ref., n. r. e.).

Neither the affidavit nor the writ of garnishment designate S. V. Stark as an agent or officer of the corporation. The return of the serving officer merely shows that he served The Jacksboro National Bank by serving someone named Stark. This obviously is not sufficient to comply with the law relating to service, and the default judgment based thereon cannot stand.

It was held in Cragin & Son, Inc. v. Jones, 37 S.W.2d 1114 (Tex.Civ.App., El Paso, 1931, n. w. h.) that the court cannot presume that a person described in the return of service of writ of garnishment on him as "officer" of defendant corporation was president, secretary, or treasurer thereof. The courts of Texas have refused to presume that the "manager" upon whom service was made was either the president, secretary, or treasurer of the company. Tompkins Machine & Implement Co. v. Schmidt, 4 Willson Civ.Cas. Ct.App. § 134, 16 S.W. 174 (Tex.Civ.App., 1890). Service of a writ of garnishment on a vice president of a bank under Article 2029, V.T.C.S., was held defective. First Nat. Bank of Athens v. Guaranty Bond State Bank of Athens, 12 S.W.2d 676 (Tex.Civ.App., Beaumont, 1928, rev. on other grounds, Tex.Com.App., 23 S.W.2d 312).

Service upon a domestic corporation which recited that "by serving H. David Lasseter, its 'agent'" was held defective because it was neither alleged nor shown that Lasseter was one of those named by law authorized to be served on behalf of the corporate defendant. United States Leasing Corp. v. Centennial Liquor Stores, Inc., 368 S.W.2d 951 (Tex.Civ.App., Dallas, 1963, n. w. h.).

■ Moreover, a default judgment should not have been granted because the sheriff's return does not show the place of service as required by Rule 16, T.R.C.P.

Said Rule 16 provides that "(e)very officer shall indorse on all process and precepts coming to his hand the day and hour

on which he received them, the manner in which he executed them, and the time and *place the process was served* as well as the distance actually traveled in serving such process, and shall sign the returns officially." (Emphasis ours).

 It would seem that to have affirmatively shown a valid service, the sheriff's return should recite at least that the writ was served within the State of Texas. The return in question states neither the city, town, state, nor country in which it was served. As a matter of fact, the sheriff's return does not recite that the writ was executed.

 It has been held that "a garnishment suit is purely a statutory proceeding, and the provisions of the statute are to be strictly construed." First Nat. Bank of Athens v. Guaranty Bond State Bank of Athens, supra, and Cragin and Son, Inc. v. Jones, supra.

 No presumption will be indulged to aid a sheriff's return in order to support a judgment by default. Grapevine Trucking, Inc. v. Shepherd, 366 S.W.2d 950 (Tex. Civ.App., Ft. Worth, 1963, writ ref., n. r. e.).

The officer's return in question does not affirmatively show that the writ was either executed or delivered to the garnishee.

 To support a default judgment against a corporation, the record must affirmatively reveal a strict compliance with the statute or rules of civil procedure in regard to service of citation. Texaco, Inc. v. McEwen, supra; United States Leasing Corp. v. Centennial Liquor Stores, Inc., supra; Ponca Wholesale Mercantile Company v. Allen, 378 S.W.2d 129 (Tex.Civ.App., Amarillo, 1964, writ ref., n. r. e.).

 Appellee has not filed a brief and therefore by virtue of Rule 423, T.R. C.P., did not avail itself of oral or written argument. Appellee has not challenged in any manner the statements in appellant's brief relative to the facts in the record. Under this state of the record, we accept as correct the statements in appellant's brief relating to the facts and the record and render judgment in conformity therewith. Rule 419, T.R.C.P.; Traweek v. Shields, 380 S.W.2d 131 (Tex.Civ.App., Tyler, 1964, n. w. h.); Gonzales v. Gonzales, 224 S.W.2d 520 (Tex.Civ.App., San Antonio, 1949, writ ref.); Coates v. Coates, 355 S.W.2d 260 (Tex.Civ.App., Eastland, 1962, n. w. h.); Hartford Fire Ins. Co. v. Owens, 272 S.W. 611 (Tex.Civ. App., Ft. Worth, 1925, writ ref.).

For the reasons herein stated the judgment is reversed and remanded to the trial court.