**APPLIED HEALTH CARE NURSING DIVISION, INC., Appellant,**

v.

**LABORATORY CORPORATION OF AMERICA, Appellee.**

No. 05–03–01442–CV.

Court of Appeals of Texas, Dallas.

July 7, 2004.

**628**

E. Michelle Bohreer, Boyar & Miller, P.C., Sesha Kalapatapu, Todd Jeffrey Zucker, Houston, for Appellant.

D. Kevin McCorkindale, Kasselman & McCorkindale, P.C., Plano, for Appellee.

Before Chief Justice THOMAS and Justices MORRIS and WHITTINGTON.

## OPINION

Opinion by Justice MORRIS.

In this restricted appeal, Applied Health Care Nursing Division, Inc. challenges a default judgment rendered against it in the trial court below. Applied Health contends the record affirmatively shows that service of citation on it through the Texas Secretary of State did not strictly comply with the rules governing such service and, therefore, the default judgment cannot stand. After examining the record, we agree. We reverse the trial court's judgment and remand the cause for further proceedings.

■ As an initial matter, we address Laboratory Corporation of America's contention that we have no jurisdiction over this case because Applied Health did not timely file its notice of appeal. The default judgment was signed by the trial court on March 31, 2003. Applied Health's notice of restricted appeal was due to be filed on or before September 30, 2003. *See* Tex.R.App. P. 26.1(c). LabCorp correctly notes that Applied Health's notice of appeal was not filed in this Court until October 2. The notice of appeal was filed by express mail, however, and the postmark on the envelope in which the notice was sent is dated September 30. A document received within ten days after the filing deadline is considered timely if: (a) it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail; (b) it was placed in an envelope or wrapper properly addressed and stamped; and (c) it was deposited in the mail on or before the last day for filing. *See* Tex.R.App. P. 9.2(b). The postmark on the express mail envelope is conclusive proof that Applied Health mailed its notice of appeal on the last day for filing. *See id.* Accordingly, the notice of appeal was timely filed in both this Court and the trial court. *See id;* Tex. R.App. P. 25.1 (notice of appeal filed with the appellate court is deemed to have been filed the same day with the trial court). We conclude we have jurisdiction over this appeal.

■ The issues presented by Applied Health in its appeal center on the longstanding requirement that strict compliance with the rules governing service of citation must affirmatively appear on the face of the record for a default judgment to withstand a direct attack. *See Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994) (per curiam); *U.S. Leasing Corp. v. Centennial Liquor Stores, Inc.,* 368 S.W.2d 951, 952 (Tex.Civ.App.-Dallas 1963, no writ). When reviewing the record, there are no presumptions in favor of valid issuance, service, or return of citation. *Primate Constr.,* 884 S.W.2d at 152.

■ Applied Health was served through the Texas Secretary of State pursuant to article 2.11 of the Texas Business Corporations Act. *See* Tex. Bus. Corp. Act Ann. art. 2.11 (Vernon 2003). Article

2.11(B) specifically states that "[a]ny service so had on the Secretary of State shall be returnable in not less than thirty (30) days." Under the unambiguous language of the statute, any return of service made before the expiration of thirty days would not be in compliance with rules governing service on a corporation through the Secretary of State. The return of service is not a trivial or formulaic document. *See Primate Constr.,* 884 S.W.2d at 152. It is the filing of the return proving service that allows a default judgment to be taken.

In this case, the record shows LabCorp served the Secretary of State on February 18, 2003. The return of service was filed in the trial court on March 7, 2003. Because LabCorp filed the return of service less than thirty days after serving the Secretary of State, it did not strictly comply with the requirements of article 2.11, and the default judgment must fail. *See U.S. Leasing,* 368 S.W.2d at 952. We reverse the trial court's judgment and remand the cause for further proceedings.