**Affirmed and Memorandum Opinion filed March 29, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00158-CV

---

### AMERICAN DISCOVERY ENERGY, INC., Appellant

### V.

### APACHE CORPORATION, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 954801**

---

## OPINION

In this restricted appeal, a defendant entity challenges the trial court's rendition of default judgment, claiming that the plaintiff failed to comply with a statute governing service of process when attempting to serve a corporation through the secretary of state. Because the statutory language applies to service of notice and not to service of demand or process, as relevant in this case, we find no error on the face of the record and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Apache Corporation brought suit against appellant/defendant American Discovery Energy, Inc., alleging that American Discovery Energy breached an agreement to pay Apache its share of expenses relating to a plugged and abandoned well. Apache failed in its efforts to effect service of process on American Discovery Energy's registered agent. Upon filing an amended petition, Apache attempted service of process upon American Discovery Energy by service of process on the secretary of state.

The Harris County District Clerk issued a citation for service of Apache's first amended petition and then forwarded the citation to a Travis County constable for service on the secretary of state. A Travis County constable served the citation on the secretary of state on June 16, 2010. The return on the citation was filed in the trial court on June 28, 2010. No answer was filed and on August 30, 2010, Apache filed a motion for entry of final judgment by default.

The trial court signed a final judgment against American Discovery Energy on September 1, 2010. Six months later, on March 1, 2011, American Discovery Energy filed this restricted appeal, challenging the default judgment.

## ISSUE PRESENTED

In a single issue, American Discovery Energy asserts that the trial court erred in rendering the final default judgment because Apache failed to comply with the rules governing service of process through the secretary of state.

## ANALYSIS

To prevail on a restricted appeal, a party must establish that (1) it filed a notice of restricted appeal within six months of judgment, (2) the party was a party to the underlying suit, (3) the party did not participate in the hearing resulting in the judgment on appeal and did not file timely post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is shown on the face of the record. *Alexander v.*

2

*Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). American Discovery Energy has met the first three requirements. Our task is to determine if the fourth requirement—error on the face of the record—is satisfied.

American Discovery Energy points to a purported defect in service of process to establish error on the face of the record. *See Norman Commc'ns v. Texas Eastman*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (providing that the scope of a restricted appeal is limited to error on the face of the record). Notably, in a restricted appeal, "[t]here are no presumptions in favor of valid issuance, service, and return of citation." *Fidelity & Guar. Ins. Co. v. Drewery Const. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006) (per curiam); *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). This rule must be strictly observed because presumptions can neither be confirmed nor rebutted by evidence in an appellate court. *Fidelity Guar. Ins. Co.*, 186 S.W.3d at 573.

Apache sought to effect service on the secretary of state under section 5.251 of the Texas Business Organizations Code. *See* Tex. Bus. Orgs. Code Ann. § 5.251 (West 2011). This statute, entitled "Failure to Designate Registered Agent," provides that the secretary of state is an agent of an entity for purposes of service of process, notice, or demand on a filing entity if it fails to appoint or maintain a registered agent in Texas or the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity. *See id.* § 5.251(1). Section 5.252, entitled "Service on Secretary of State," sets forth in subsection (a) the method for effecting service, as follows:

> Service on the secretary of state under Section 5.251 is effected by:
>
> (1) delivering to the secretary duplicate copies of the process, notice, or demand; and
>
> (2) accompanying the copies with any fee required by law, including this code or the Government Code, for:
>
>> (A) maintenance by the secretary of a record of the service; and
>>
>> (B) forwarding by the secretary of the process, notice, or demand.

3

Tex. Bus. Orgs. Code Ann. § 5.252(a) (West 2011). Under this regime, service is effected by delivering duplicate copies of "process, notice, or demand" to the secretary of state along with the applicable fees. *See id*. Under section 5.252(b), "Notice on the secretary of state under Subsection (a) is returnable in not less than 30 days." *Id.* § 5.252(b).

The predecessor to section 5.252(b) provided that "[a]ny service so had on the Secretary of State shall be returnable in not less than thirty (30) days." Tex. Bus. Corp. Act. Ann. art. 2.11(B) (West Supp. 2009) (now codified as Tex. Bus. Code. Ann. § 5.252(b)). In codifying section 5.252, the Texas Legislature amended the statute so that it no longer requires all service to be returnable in not less than thirty days, but rather imposes this requirement only on service of "notice." *See* Tex. Bus. Code. Ann. § 5.252(b). Section 5.252(b) now reads, "*Notice* on the secretary of state under Subsection (a) is returnable in not less than 30 days." *Id.* (emphasis added).

We presume the Legislature intended the plain meaning of its words and we ascertain the Legislature's intent from the language used in the statute. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). From a plain reading of the statute, the "returnable in not less than 30 days" requirement applies only to "notice" and not "process" or "demand" delivered to the secretary of state. *See* Tex. Bus. Code. Ann. § 5.252(b). This court must give meaning to the Legislature's decision to remove "service" in the former statute and insert "notice" in its place. Given the statutory language requiring only "notice" to be returnable in not less than thirty days, instead of service of process, as relevant in this case, American Discovery Energy has not shown error on the face of this record in support of the restricted appeal. *See Alexander*, 134 S.W.3d at 848 (focusing primarily on whether error is shown on the face of a record). Absent this showing, American Discovery Energy cannot prevail.

American Discovery Energy cites to *Applied Health Care Nursing Div., Inc. v. Laboratory Corp. of America*, 138 S.W.3d 627, 629 (Tex. App.—Dallas 2004, no pet.),

4

to support its argument that Apache failed to comply with the statute because process was returned in less than thirty days. In that case, the reviewing court reversed and remanded because return of service was filed less than thirty days after serving the secretary of state. Because the wording of the statute has changed, the *Applied Health Care Nursing* case is not on point. American Discovery Energy has not asserted that any notice was required to be served on the secretary of state, that any such notice was improperly served, or that any such notice was returnable in not less than thirty days, and returned outside that period. American Discovery Energy has failed to show error on the face of the record. Therefore, we overrule American Discovery Energy's sole appellate issue.

The trial court's judgment is affirmed.


/s/ Kem Thompson Frost
Justice


Panel consists of Justices Frost, Seymore, and Jamison.